BRUEGGEMAN *et al.*, Plaintiffs in Error, v. JURGENSEN, Defendant in Error.

1. There is no equity for specific performance of a contract to convey land where the party against whom such equity is asserted has rendered a specific execution on his part impossible by conveying said land to a third person.

2. The heirs of an intestate can not be joined as parties plaintiff with the administrator in a suit for the recovery of damages for the breach of a contract to convey land to such intestate.

*Error to St. Louis Land Court.*

Plaintiffs, the administrator, and heirs of one Brueggeman, deceased, set forth in their petition a contract entered into by defendant to convey certain real estate to plaintiff's intestate.

The prayer of the petition is as follows : " Plaintiffs therefore ask judgment for the specific performance of defendant's agreement, and that he be compelled and decreed to make a reconveyance to the legal representatives of said Gerhard H. [plaintiffs' intestate] of the property above described." It appeared in evidence that the defendant had made a conveyance of the real estate in question to one Stahl.

The court instructed the jury that plaintiffs were not entitled to recover.

The following instructions asked by the plaintiffs were refused by the court : " 1. The jury are instructed that to find for the defendant because he has sold the property, the jury must believe from the evidence that the deed of Jurgensen and wife to Christian Stahl was a *bona fide* sale of the property, and made for a valuable consideration. 2. The jury are instructed that the deed of Jurgensen and wife to Christian Stahl is of no value, unless the jury believe from the evidence that it was made *bona fide* and for a valuable consideration. 3. The jury are instructed that, if the jury believe from the evidence that defendant covenanted to convey to Gerhard H. Brueggeman the property in dispute ; that said Gerhard H. Brueggeman is intestate, and plaintiffs his heirs ; that the conditions of the covenants to reconvey have been complied with by the plaintiffs ; that defendant, by a sale of the property of Christian Stahl, before the institution of this suit, has put it out of his power to comply with his covenant to reconvey, the jury will find for the plaintiffs such damages as the jury believe from the evidence the plaintiffs have sustained by the failure of defendant to comply with his bond."

*A. J. & P. B. Garesché*, for plaintiffs in error.
*Krum & Harding*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

This case stands on a non-suit, and we see no way in which the plaintiffs can be relieved from it. If we regard the suit as

one to enforce the specific performance of a contract to convey lands, the petition is so framed that such relief can not be granted. It appears from the record that the title to the lot which the plaintiffs would have conveyed to them, is not in the defendant. He has passed it away for a valuable consideration, and his vendee is not made a party to the suit. Whether that vendee is a *bona fide* purchaser, it is not necessary to inquire, as he is not before this court. It would be a vain thing, and the plaintiffs would not be at all advanced, to make a decree vesting the title of the defendant in them, when it appeared that all the title the defendant ever had has been conveyed to another.

If we look upon the suit as one to recover damages for a breach of the covenant to convey, it is not free from difficulties. If it is an action to recover damages, the heirs of Brueggeman have no right to them. They can not have an action to recover damages for a breach of contract. The right to maintain such actions is in the executor or administrator alone. If the heirs were permitted to join in such actions, a confusion would ensue which no court could disentangle. Parties should know what they are after before suit is brought, and frame their petitions accordingly. They can not expect to have a judgment without any regard to the pleadings in the cause. A large latitude is allowed in making amendments. If they will not have them made before they come to this court, there is no power here to relieve them from the consequences of such neglect.

When it was ascertained that the defendant had conveyed away the lot in dispute, the plaintiffs might have amended their proceedings, and brought in the purchaser from the defendant as a party. Having failed to do this, they had no right to inquire into the *bona fides* of his purchase. He was no party to the suit, and could not be affected by it. The court, therefore, properly refused the plaintiffs' first instruction, as it was designed to place before the jury the consideration of a subject wholly irrelevant.

The second instruction asked by the plaintiffs was properly

refused, because it entirely omitted all consideration of the evidence in support of the allegation of a mistake in the covenant for the breach of which damages were sought to be recovered. The evidence clearly established the mistake, and the defendant was entitled to the benefit resulting from the correction of the error.

The other judges concurring, the judgment will be affirmed.