WILLIAM H. SMITH et als., Appellants, v. RAPHAEL DENNY et als., Respondents.

1. *Administration—Personalty.*—The title to personal property, upon the death of the owner, passes to the administrator or executor, and he only can sue for the property or for an injury thereto.

*Appeal from St. Charles Circuit Court.*

The petition was as follows :

" William H. Smith and F. Leona Smith, by John M. Keithly, their guardian ; Woodford Keithly and Mary M. Keithly, his wife, plaintiffs, v. Raphael Denny, Lawrence Fisher, Raphael Denny, executor of Rachel Denny, Raphael Denny, and Martina Denny, administrators of John Denny, defendants.—In the Circuit Court of St. Charles county, May term, 1865.

" Plaintiffs by leave of court file their amended petition, and state that Rachel Denny, on the —— day of November, 1842, by deed of that date, which deed is not in possession or under the control of plaintiffs—a copy of which is herewith filed—conveyed to John Denny as trustee for Mary Smith, the wife of John Adam Smith, two certain slaves named George and Sarah, in which deed it was stipulated that said Mary Smith should have the actual use, management and control of said slaves so long as she should live, and at her death said slaves should descend to the children of the said Mary Smith, to be their absolute property.

" Plaintiffs say that, at the date of said deed, the said Mary Smith was the wife of John Adam Smith; that the said Mary

Smith died in the year 1845, and said J. Adam Smith died in the year 1851, they leaving one child born of their marriage surviving them, named Rachel Ann Smith; that at the death of the said Mary Smith said slaves descended to and became the absolute property of the said Rachel Ann Smith, who was her only child.

"Plaintiffs further state that the said Rachel Ann Smith departed this life in the year 1853, being yet a minor, unmarried, and without issue, leaving as her only heirs John Smith, William H. Smith, Mary Smith (now wife of Woodford Keithly), and Frances Leona Smith, her brothers and sisters of the half-blood by marriage of her father, the said John Adam Smith, prior and subsequent to his marriage with the said Mary, the mother of the said Rachel Ann Smith;— that no administration letters were ever granted, nor was there any administration on the estate of said Rachel Ann Smith; that, after the death of said Rachel Ann Smith, one of her half-brothers, the said John Smith, died, being yet a minor, unmarried, and without issue, leaving the plaintiffs his only heirs, and no letters of administration were ever granted, nor has there been any administration of his estate, and his death occurred at least three years before the commencement of this suit; that John M. Keithly was duly appointed and qualified as guardian of said William H. and F. Leona Smith on the 14th day of July, 1856, and is still acting as guardian of them. By reason of all which, the said plaintiffs and the said John Smith, now deceased, became the owners of, and were entitled to, the possession of said slaves, as the heirs of Rachel Ann Smith at her death.

"Plaintiffs further say that, after the death of the said Rachel Ann Smith, Sarah, one of the said slaves, came into possession of defendants Raphael Denny, Lawrence Fisher, John Denny (now deceased), and Rachel Denny (now deceased), who wrongfully converted said slave to their own use, and sold her to one E. C. Stewart, on the 1st day of January, 1857, for the price of one thousand and thirty dollars, and received said sum of money from said Stewart and converted

and applied the same to their use, and said slave was removed beyond the jurisdiction of this court and to parts unknown to plaintiffs; that since said sale and conversion the said Rachel Denny hath departed this life, and said Raphael Denny is her executor, duly qualified and acting; that said John Denny has also died since said sale and conversion, and Raphael and Martina Denny are his administrators and have charge of his estate.

"Plaintiffs therefore say that, by reason of the premises, they are entitled to have and recover of defendants the value of said slave Sarah as aforesaid, and defendants became liable to pay the same at the time of her conversion, which said slave on the first day of January, 1857, was of the value of one thousand and thirty dollars; for which amount, with interest since January 1, 1857, plaintiffs ask judgment."

*Wm. A. Alexander*, for appellants.

The deed from Rachel Denny to John Denny, trustee for Mary Smith and her children, being of record, imparted notice of the title to said slave to the world, and two of the defendants were parties thereto, and all of them had actual knowledge thereof when they petitioned the county court for the sale of said slave, were trespassers in selling said slave, and each of them became liable for the whole amount of the damages caused by their tort. (Hill. Torts, 244-48, § 3-4.) There was no final settlement made of John Denny's guardianship, and the papers and his settlement show that he never accounted for said sale money. The partition papers and order of sale, introduced by defendants, show that John Denny did not sell said slave as guardian; but they do show that the defendants, ignoring the deed from Rachel Denny to John Denny, trustee, sold said slave as their own, and converted the money to their own use. (Neff v. Hunter, 30 Mo. 332; 8 Wend. 613; 2 Hill. Torts, 244-49, § 3-4; Cannifax v. Chapman & W., 7 Mo. 175; 12 Wend. 39.)

No demand was necessary. (R. C. 1855, p. 448, § 34.) Demand never is necessary in case of conversion; and in

cases where demand is necessary, it must be set up in the answer, and money or property (sued for) tendered. (Westcott v. Demontreville, 30 Mo. 252.)

*Bruère,* for respondents.

WAGNER, Judge, delivered the opinion of the court.

The petition in this case shows no cause of action. The deed from Rachel Denny to John Denny vested the title to the slaves in the latter, in trust for Mary Smith during her natural life. Should she die before her husband, then he was to have the use and control of them whilst he lived ; remainder then to vest absolutely in the issue of the said Mary, if any survived her ; but if she died no issue surviving, then they were to revert to the donor.

Rachel Ann Smith was the only issue born of the marriage of John Adam Smith and Mary Denny, and she survived them both, and by the terms of the deed of trust the title to the slaves then vested in her absolutely. And when John Denny was appointed by the county court of St. Charles county guardian of the person and curator of the estate of Rachel Ann, he was in possession of the slaves by virtue of his appointment as such curator, and not under the title vested in him by the deed of trust.

Upon the death of the said Rachel Ann, the property being personal property belonged to her administrators and not the heirs. The appellants, who claim to be the heirs, are proceeding as if it were real estate ; but, being purely personal in its nature, there must be an administrator to represent it before an adjudication can be had in court. Personal property must be administered on before the heirs can claim their distribution shares.

The petition and sale on partition were irregular, and evidently proceeded on the belief that on the death of Rachel Ann Smith the slaves reverted back to respondents or their intestates ; but the absolute legal title being vested in her, they went to her administrator.

The record shows clearly that the guardian, John Denny,

whose settlement is now sought to be set up as a bar, never charged himself with the slaves, nor accounted for them; but, by joining with the other parties in the petition for partition, and also in the bill of sale, he disclaimed all title in his ward, and asserted it in himself and associates.

The appellants showing no cause of action in this proceeding, the judgment is affirmed. The other judges concur.