HELLMANN, *Plaintiff in Error*, v. WELLENKAMP.

1. **Heir, when not Proper Party to Suit.** The heir is neither a necessary nor proper party to be joined with the administrator in an action to recover a demand due the decedent. (*Brueggeman v. Jurgensen*, 24 Mo. 87.)

2. **Remedy of Heir,** WHEN ADMINISTRATOR FAILS TO ENFORCE CLAIM DUE HIS INTESTATE FROM ANOTHER ESTATE. If the administrator of an individual estate permits the partnership estate of a firm of which his intestate was a member to be finally settled, without procuring the allowance and payment of a demand due the intestate from the firm, the remedy of the heir is against the administrator and the sureties in his official bond, and, if they are solvent, he has no remedy against the surviving partner, or his assignee holding property of the firm, with knowledge of the facts.

*Error to Franklin Circuit Court.* — HON. A. J. SEAY, Judge.

AFFIRMED.

*Crews & Booth* for plaintiff in error.

*Daniel Q. Gale* and *John R. Martin* for defendant in error.

HENRY, J.—The petition alleged in substance that Francis Mindrup and defendants Trentmann and Narup, entered into a co-partnership in the lumber business in 1867, under the firm name of Trentmann, Narup & Co.; that by the terms of agreement if any partner advanced more capital than another, he was to be paid out of the shares of his co-partners, with interest at the rate of eight per cent per annum for the amount so advanced, and they were to have an equal share in the profits, and bear an equal share of any losses; that Mindrup put in the concern over $8,000 more than either of the others, and died in September, 1870, and, at his death, the firm was indebted to him in the sum of $10,264.40; that the assets amounted to $40,294.70, and the liabilities to $29,818.45; that in Oc-

tober, 1870, the plaintiff Hellmann and the defendant
Narup administered on the estate of Mindrup, and also
upon the partnership estate; that afterward Narup and his
co-defendant Trentmann, formed a co-partnership under
the same firm name in the same business; that neither of
them had any capital, but they conducted the business
solely upon the property and assets of the old firm, until
the 24th day of November, 1875, and during its continu-
ance acquired and improved property to the value of $7,-
183.33, and on the 24th day of November, 1875, executed
an assignment to defendants Tiemann and Wellenkamp, of
property described in the petition, which was the property
and its proceeds belonging to the old firm; that the assign-
ees took it with full knowledge of all the facts, and with the
fraudulent intent to apply it to the payment of the debts
of Trentmann and Narup, and have since disposed of the
property, and now have on hand the proceeds amounting
to $32,545.19; that plaintiffs, Anna, Joseph, Henry and
Catherine Mindrup, are the only heirs of the deceased; that
the partnership estate of Trentmann, Narup & Co., after
being in administration for over four years, was finally set-
tled and the administrators thereof discharged therefrom,
in the year 1876;    *    *    that Mindrup's estate is
yet unsettled; that Tiemann and Wellenkamp are about
to dispose of the said property in payment of the debts
of Trentmann and Narup." The petitioners ask judgment
for $10,264.40, with interest from October 1870, to be sat-
isfied out of the proceeds of the property of the partner-
ship estate in the hands of Tiemann and Wellenkamp.

A demurrer to the petition was sustained by the court,
and the sufficiency of the petition is the only question to
be considered.

There was a palpable misjoinder of parties plaintiff.
1. HEIR, WHEN NOT PROPER PARTY TO SUIT. The heirs of Francis Mindrup were not nec-
essary or proper parties to the suit. *Smith v.
Denny*, 37 Mo. 20; *Brueggeman v. Jurgenson*, 24 Mo. 87.

The petition shows that there has been final settlement

of the partnership estate, and plaintiffs sue to recover a demand owing to the estate of Francis Mindrup by said co-partnership, which might and should have been adjudicated in the probate court pending the administration of the partnership estate. *Titterington v. Hooker*, 58 Mo. 593. There is no allegation of the insufficiency of the bond of the administrators of the partnership estate. The heirs at law of Francis Mindrup have an adequate remedy at law on the bond of said administrators, so far as appears by the petition. There is no community of interest between Francis Mindrup's administrator, Hellmann, and his heirs, but on the contrary, he and his co-administrator of the estate of Francis Mindrup, and their sureties on their bond, are liable to the heirs for any mismanagement of said estate, and if the partnership estate was indebted to the estate of Mindrup, and by the neglect of his administrators there was a final settlement of the partnership estate without any proper effort having been made by them to have the demand of Mindrup's estate allowed against it, they are liable on their bond. There may ultimately be an equity as between the two administrators which a proceeding in equity between them may be necessary and proper to enforce, but if by their default a debt due the private estate of Mindrup from the partnership was lost to that estate, the plaintiff administrator, who with the heirs of Mindrup, instituted this suit against the other administrator, has but to pay that demand, and then, if he has any equitable claim against his co-administrators, institute his proceeding to enforce it. The judgment of the circuit court is affirmed. All concur.

*2. REMEDY OF HEIR, when administrator fails to enforce claim due his intestate from another estate.*