S. B. GRISWOLD, Appellant, v. GEORGE B. MATTIX; L.
A. MATTIX, Interpleader, Respondent.

Kansas City Court of Appeals, March 22, 1886.

1. ADMINISTRATION—HOW PERSONALTY PASSES—RIGHTS OF WIDOW
TO, HOW ASCERTAINED.—It is a familiar rule of law that personalty
passes to the administrator, and he alone can sue for it.   Although
the property set apart for the widow by the statute (sections 105 and
107, Revised Statutes), vests absolutely in the widow on the death
of her husband, yet this property should regularly pass through
the probate court and the hands of the deceased husband's admin-
istrator.   It must be ascertained by a competent tribunal, and that
court is that tribunal, its jurisdiction being original and exclusive.
See, also, sections 107 and 108, Revised Statutes.   The circuit court
has no original jurisdiction to determine such a matter.   *Evans v.
Evans*, 79 Mo. 53, *distinguished*.

2. PRACTICE—INTERPLEADER—HOW CLAIM MADE—CASE ADJUDGED.
Where an interpleader desires to claim property, as administratrix,
she must plead in her *representative* character *at the beginning of
the suit ;* if in her *individual* capacity, as *widow*, she should be
able to show proceedings in the probate court, under section 2, ar-
ticle 1, Revised Statutes.

APPEAL from Jasper Circuit Court, HON. D. A.
HARRISON, Special Judge.

*Reversed and remanded.*

Statement of case by the court.

One Ed. Mattix departed this life, leaving defendant,
his son, and interpleader, his widow.    Plaintiff having
a demand against defendant, brought suit by attachment
before a justice of the peace against him, and attached
as his property a gray mare, which, with some other
property, was left by Ed. Mattix at his decease, as is
claimed by defendant and the interpleader.    The inter-
pleader filed her interplea in the cause December 29,
1881, two days after the institution of the suit.    The

cause was appealed to the circuit court and tried without a jury, judgment being given for the interpleader.

More than three months after the interplea was filed the interpleader took out letters of administration on the estate of Ed. Mattix, deceased, and had an inventory and appraisement made. These letters, inventory, and appraisement were admitted in evidence over plaintiff's objection.

The evidence on the part of the interpleader tended to show the value of the estate to be less than four hundred dollars. There was no evidence that the probate court of Jasper county ever refused to grant letters prior to granting them in 1882, as it might have done on investigation, under section 2, Revised Statutes.

The interpleader contends the property attached was not the property of defendant, but claims it belonged to her husband at his death, and that she, as his widow, is entitled to it under section 107, Revised Statutes, allowing her four hundred dollars' worth of property in addition to other specific allowances under the preceding sections. She further claims that, as the evidence showed the property left by the decedent was of less value than four hundred dollars, she should be allowed to retain it under section 2, Revised Statutes.

McReynolds & Halliburton, for the appellant.

I. An interplea is an action in the nature of a replevin. *Bergert v. Burchert*, 59 Mo. 58.

II. To recover, the interpleader must be entitled to immediate and exclusive possession of the property claimed *at the time* of filing the interplea. *Melton v. McDonald*, 2 Mo. 45; *Pilkington v. Trigg*, 28 Mo. 95; *Cross v. Hulett*, 53 Mo. 397. And the *onus* is on the interpleader to prove her title to the property. *Morgan v. Briggs*, 46 Mo. 65.

III. As to what is necessary before the widow can take possession of personal property, allowed her *as widow*, see section 2, Revised Statutes. And the widow

could not maintain an action for this property until administration was dispensed with, under this section, it not being among the specific property set off to her by statute; see sections 105–109, Revised Statutes; but must be selected and set off by the administrator. Nor could she maintain it *as heir. Smith v. Denny*, 37 Mo. 20.

IV.   The interpleader having come into court claiming the property as hers, *individually*, could not recover by virtue of her appointment as administratrix, in 1882, *after there had been one trial of the case. Melton v. McDonald*, 2 Mo. 45.   The taking out of letters of administration, after the commencement of this suit, and filing of the interplea, even though it might relate back to the death of decedent for some purposes, could not give her any standing in this cause, for she could not change the cause of action, and to recover as *administrator* would have to commence a new suit.   Rev. Stat., sect. 3462.

V.   There is no evidence to sustain the findings of the trial court.

A. L. THOMAS, for the respondent.

I.   The plaintiff having seized the property under his writ of attachment, as the property of the defendant, George Mattix, in order to hold the property, must show that he had an interest therein, subject to seizure and sale.   The court found that he had no interest in the property, and this finding this court will not disturb. *Judy v. Bank*, 81 Mo. 410; *Crane v. Timberlake*, 81 Mo. 434; *Huckshorn v. Hartwig*, 81 Mo. 652; *Pierce v. Chamberlain*, 82 Mo. 622; *Fulkerson v. Mitchell*, 82 Mo. 22.

II.   The law does not require of the widow the useless and expensive formality of taking out letters of administration for the sole purpose of claiming property which is her own.   She, *as widow*, was entitled to all the personal property of the deceased, it not amounting

to four hundred dollars in value. Rev. Stat., sect. 107; *Crasline v. Baker*, 8 Mo. 437; *Hastings v. Myers' Adm'r*, 21 Mo. 519; *Cummings v. Cummings*, 51 Mo. 261; *Register v. Henley*, 70 Mo. 189; *Evans v. Evans*, 79 Mo. 53; *Wilmington v. Sutton*, 6 Ia. 44.

III.   As George Mattix had no interest in the property taken, the officer making the levy was a trespasser, and the prior possession of the interpleader was sufficient evidence of title to support her interplea, she having a beneficial interest in the property as widow. *Freshwater v. Nichols*, 7 Jones (N. C.) L. 251; *Bastick v. Brittain*, 25 Ark. 482; *Van Baulen v. Dean*, 27 Mich. 104; *Lehman v. Kellerman*, 65 Pa. St. 489; *Smith v. Lydick*, 42 Mo. 209.

IV.   The proceedings in the probate court, including the inventory and appraisement, were competent to show the value of the estate, and in any event the plaintiff was not injured by their introduction. *Witthouse v. Railroad*, 64 Mo. 523; *Garesche v. Dean*, 40 Mo. 168; *Orth v. Dorschlien*, 32 Mo. 366; *Carpenter v. Rynders*, 52 Mo. 278.

ELLISON, J.—I can see no reason in support of the action of the court in admitting the letters of administration granted to the interpleader, nor the appraisement and inventory under her administration.   She filed her interplea in her individual capacity; besides, she did not take out letters until more than three months subsequent to filing her interplea.   Her rights in this action must be ascertained and determined as they existed at the filing of the suit.   If her right depends on her representative character she should have obtained her letters prior to her appearance as a party to the action.   It is a familiar rule of law that personalty passes to the administrator. He alone can sue for it.   *Helman v. Wellenkamp*, 71 Mo. 407; *Smith v. Denny*, 37 Mo. 20.   Sections 105 and 107, Revised Statutes, set apart certain property for the widow, and it has been held by the supreme court that

such property vests absolutely in the widow on the death of her husband. *Hastings v. Meyers*, 21 Mo. 519. Yet this property should regularly pass through the probate court and the hands of the deceased husband's adminis-trator. It must be ascertained by a competent tribunal. The probate court is that tribunal. Its jurisdiction is original and exclusive. The statute contemplates that it shall pass through the probate court, for by sections 107 and 108, she shall apply for the property therein men-tioned and shall give a receipt. By section 105, she shall have property of certain kinds and of certain values; these must be ascertained by authority. In the case be-fore us, originating outside of the probate court, and getting into the circuit court only by appeal from a mag-istrate, there is an attempt made to give the widow her allowance under these sections. There is no authority for it. There was no original jurisdiction in the circuit court to determine that matter.

The respondent, in effect, further contends that even though there be error in the trial, yet as the preponder-ance of the evidence disclosed that the estate was of less value than four hundred dollars, it belonged to the widow absolutely, without administration, under section 2, Re-vised Statutes. This section, first enacted in 1877, changes the ordinary course of a decedent's property when of the value of that allowed the widow and minor children, or less, and authorizes the probate court to dis-pense with administration, casting the property directly upon the widow or minor children. The section pro-vides for a judicial examination by the probate court, and its order in the premises shall have the effect of em-powering the widow or minor children to claim and "*retain*" the property.

It will thus be seen that this is a matter originally within the exclusive jurisdiction of the probate court. It cannot be determined by the circuit court except on appeal from the probate court.

We have been referred to the case of *Evans v.*

*Evans* (79 Mo. 53), where it is said. in a contest between the widow and the administrator, to compel her to surrender to him certain property claimed by the widow as her separate property, and not belonging to the intestate, that even if the property should be found to be that of the intestate, the widow would be entitled to keep abso·lutely the property mentioned in sections 105 and 107, Revised Statutes. But this was an action originating in the probate court, which had jurisdiction to determine such matters, and for that reason the case has no application here. When the supreme court used the expression, "even if the property should be found to be that of the intestate," it is meant, if it should be found by the probate court or the circuit court, on appeal from the probate court.

If the interpleader desires to claim this property as administratrix of the estate, she must interplead in her representative capacity, and must possess that representative character at the beginning of her suit. If she claims it in her individual capacity, as the widow, under the statute, she should be able to show proceedings in the probate court, under section 2, article 1, Revised Statutes.

The judgment is reversed and the cause remanded. Philips, P. J., concurs; Hall, J., absent.