## SCRUGGS v. SCRUGGS.

(Circuit Court, W. D. Missouri, W. D. November 19, 1900.)

### No. 2,391.

1. ADMINISTRATORS—TITLE TO PERSONALTY—ACTION BY HEIR FOR CONVERSION.

It is a fundamental rule that the real estate of an intestate descends directly to the heirs at law, and that both the title and right of possession to the personal property vest exclusively in the administrator. Until an order of distribution has been made by the probate court having jurisdiction of the estate, an heir has no interest in the personal estate which will support an action, and, even after such an order has been made declaring the respective interests of the distributees, an heir has no title to any specific property, and cannot maintain an action for its conversion against the administrator, but his remedy is by action on the administrator's bond.

2. SAME—INEFFECTUAL ORDER OF DISTRIBUTION—CONTINUED JURISDICTION OF PROBATE COURT.

Where an order of distribution made by a probate court on final settlement by the administrator is ineffectual to bind the heirs by reason of a failure to give proper notice, the administrator is not thereby discharged, and the jurisdiction of the probate court over the property and the administrator continues, and is exclusive.

3. SAME—ACTION TO DETERMINE RIGHTS OF HEIR—JURISDICTION.

An administrator appointed by a court of one state is not subject to an action in a court of another state or jurisdiction by an heir to establish his right to a distributive share in the estate; jurisdiction to determine such right being exclusively in the courts of the state of the administration, and primarily in the court of probate.

On Demurrer to Petition.

A. N. Gossett, for plaintiff.
Judge R. H. Field, for defendant.

PHILIPS, District Judge. It is conceded by plaintiff's counsel that this is, in legal effect, an action for conversion. It is a fundamental and quite universal rule that the real estate of an intestate descends directly to the heirs at law, and that the personal estate does not descend directly to the heirs, but goes exclusively to the administrator,—both the title and the right of possession. Smith

v. Denny, 37 Mo. 20; Becraft v. Lewis, 41 Mo. App. 552; State v. Moore, 18 Mo. App.. 411; Naylor's Adm'r v. Moffatt, 29 Mo. 126.. By the statute of Kansas (section 1927, Gen. St. 1899) original jurisdiction is conferred upon the probate courts of Kansas as follows:

"Sec. 1927. The probate courts shall be courts of record, and, within their respective counties, shall have original jurisdiction: First, to take the proof of last wills and testaments, and admit them to probate, and to admit to record authenticated copies of last wills and testaments executed, proved and admitted to probate in the courts of any other state, territory or country; second, to grant and revoke letters testamentary and of administration; third, to direct and control the official acts of executors and administrators, settle their accounts, and order the distribution of estates; fourth, to appoint and remove guardians for minors. persons of unsound mind, and habitual drunkards, and make all necessary orders relating to their estates, to direct and control their official acts, and to settle their accounts; fifth, to bind apprentices, and exercise such control and make such orders respecting them and their masters as the law prescribes; sixth, to hear and determine cases of habeas corpus; seventh, to have and exercise the jurisdiction and authority provided by law respecting executors and administrators, and the settlement of the estates of deceased persons."

And the whole matter of the custody of personal property, the payment of debts, and the distribution of the assets among the creditors, legatees, and distributees is conferred upon the probate court. As said in McMillan v. Wacker, 57 Mo. App. 222:

"On the death of a party the personal property passes to the administrator, and he alone has a right to the possession thereof. unless, indeed, the probate court shall, by order, dispense with any administration, as provided by statute. It is only 'after making such order such widow or minor children shall be authorized to collect, sue for, and retain the property belonging to such estate.' The probate court is the only tribunal having original jurisdiction to determine the question as to whether or not an administration is necessary."

Under the Kansas statute, the widow, who is the administratrix in this case, was entitled to one-half of the personal estate; and only after settlement with the court, and on an order of distribution, do the heirs become entitled to receive their ascertained interests. There is no tenancy in common between the administrator and the heir in the personal property. The right of possession in the administrator is exclusive, and the heir can never maintain an action against the administrator for his distributive share until the probate court, of original and exclusive jurisdiction, has determined who the distributees are, and made an order of distribution. As said in Griswold v. Mattix, 21 Mo. App. 286: "It must be ascertained by a competent tribunal. The probate court is that tribunal. Its jurisdiction is original and exclusive." Until such order of distribution, and an ascertainment by the probate court of what the distributive share of the heir is, how can the heir maintain an action for conversion? It is a fundamental principle governing the action for conversion that "the plaintiff must show a legal title. He must have the property, general or special, or the actual possession or right to immediate possession, at the time of the conversion." Cooley, Torts (2d Ed.) 517. In law, as defined in Black's Law Dictionary, it is "the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights. A construct-

ive conversion takes place when a person does such acts in reference to the goods of another as amount in law to the appropriation of the property to himself." The exclusive right of possession being in the administrator until the order of distribution is made, how can it be said that the administrator is wrongfully exercising a right of ownership over the goods or personal chattels belonging to another? The heir has no right of possession to the property in kind; and, as applied to the facts of this case, this heir would be entitled to one-third of the distributive share of the estate going to the heirs after the payment of the debts and giving to the widow one-half interest in the moneys, bonds, and securities. After the order of distribution, and failure to comply therewith by the administrator, the heir would have a remedy in an action on the bond of the administrator. The petition shows that the final settlement was made by the defendant in the probate court in Kansas after due notice by publication; and the petition further discloses the fact that at that settlement the probate court proceeded to make an order of distribution of the remaining assets between the widow and the two children born in lawful wedlock. The sole contention of plaintiff is that that order of distribution made on the final settlement was not binding on this plaintiff for the reason that no notice was given by the administratrix to the plaintiff of the application for such order of distribution, as provided by section 2857 of the Kansas statutes. It is contended by defendant's counsel that this section has reference only to the preceding section, providing for the sale of personal property ascertained by the court not to be susceptible of division in kind. It does not appear that this question has ever been directly passed upon by the supreme court of that state. It would seem from the language of the court in Proctor v. Dicklow, 57 Kan. 124, 45 Pac. 86, that it has been the practice in the probate court in that state to make the order of distribution at the time of making final settlement, and that the distributee would be concluded thereby if he does not appeal to that court for relief, and to the appellate court from the adverse action of that court. But, without determining this question, the fact in law still remains true that, if that order of distribution made by the probate court was not effectual for want of notice, then the administratrix was not discharged therefrom, and the jurisdiction of the probate court in Kansas continues in force over the administratrix, and is exclusive. As said by Sherwood, J., in Lenox v. Harrison, 88 Mo. 495: "Obviously, if, as alleged, there was no notice given as required by statute, then the final settlement was null, and the administration of the estate was still open." The court cites the case of Garton v. Botts, 73 Mo. 274, which expressly decides that until there is a final settlement of a ward's estate, a curator is not liable to an action by the ward for money had and received. The curator's bond constitutes the measure and limit of his liability, and he must have recourse to that. This, it seems to the court, is conclusive against this action. The petition discloses on its face that this defendant is a resident of Kansas, and in the jurisdiction of the probate court of that state, where this estate was administered; and this plaintiff, I presume, has found the defend-

ant over in Kansas City, Mo., possibly shopping, and sued her in the jurisdiction of Missouri in an action of trover or conversion; and this court is asked to take jurisdiction, in effect, over the administration of that estate, and ascertain for the first time that this plaintiff is an heir at law of the intestate, and determine what his interest in the estate is under the statute of descents and distributions of Kansas. This is the sole prerogative of the probate court of that state, which has original and exclusive jurisdiction in such cases. Bauer v. Gray, 18 Mo. App. 175. While these are Missouri decisions, and founded on the Missouri probate statute, it stands to universal law, excluding the jurisdiction of the courts of other states and other jurisdictions from assuming jurisdiction over the matter of administration and distribution of estates under a probate system like that which obtains in the state of Kansas. As said by the supreme court in Lawrence v. Nelson, 143 U. S. 222, 12 Sup. Ct. 442, 36 L. Ed. 134, it is "the general rule that an administrator's power to act, as well as his duty to account, is limited to the state from whose courts he derives his authority, and that, therefore, he cannot sue or be sued in another state in which he has not been appointed administrator." In Reynolds v. Stockton, 140 U. S. 272, 11 Sup. Ct. 778, 35 L. Ed. 470, the supreme court say that:

"Where an administrator or other custodian of an estate is appointed by the courts of one state, the courts of that state reserve to themselves full and exclusive jurisdiction over the assets of the estate within the limits of the state. * * * Whatever may be the rule if jurisdiction is acquired by a court before administration proceedings are commenced, the moment they are commenced, and the estate is taken possession of by a tribunal of a state, that moment the party whose estate is thus taken possession of ceases to have power to bind the estate in a court of another state, either voluntarily or by submitting himself to the jurisdiction of the latter court."

The demurrer is sustained.