KATE PULLIS et al., Appellants, v. THOMAS R. PULLIS et al.

### Division One, December 23, 1903.

Certificate of Stock: PARTNERSHIP: RIGHT TO SUE FOR: ACCOUNTING: PLEADING.   Certificates of corporation stock belonging to a co-partnership, on the death of a member of the firm pass at once by operation of law to the administrator of the co-partnership, and if that administration is finally settled and the administrator dies without such certificates having been either inventoried or administered, the heirs of a part of the partners can not, in a direct suit for an accounting against the other partners or against the directors and officers of the corporation, recover for a wrongful appropriation of those certificates of stock and the earnings thereof, but their course is to have an administrator *de bonis non* appointed and the administration reopened, on a proper showing of assets unadministered.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz*, Judge.

AFFIRMED.

*Jas. G. Owen* and *McKeag & Cummings* for appellants.

(1)   No administrator *de bonis non* is necessary. The object of administration is chiefly to take charge of the property to keep until all the debts of the estate are paid; when that is done what is left belongs to the heirs or legatees.   The estates mentioned in the petition have all been finally settled excepting the shares of stock described.   This being the case, these heirs can sue. Baldwin v. Davidson, 139 Mo. 118; Murphy v. Menard, 14 Tex. 62.   Indeed, it is doubtful if our statute (sec. 46, R. S. 1899), gives the court any power to appoint an administrator *de bonis non* in a case like this.   Grayson v. Weddle, 63 Mo. 524.   Whether the probate court has the power or not, the matter of accounting properly belongs to a court of equity.   In the language of the Supreme Court of the United States, "It is well settled that the decree of a probate court does not conclude as to property accidentally or fraudulently withheld from the account."   Griffith v. Godfrey, 113 U. S. 89; Keller v. Eureka Brick Mach. Mfg. Co., 43 Mo. 84; Wilson v. Crocket, 43 Mo. 218; Land Co. v. Case, 104 Mo. 580. (2)   When August Pullis administered on the co-partnership estate of "Pullis Brothers" and gave bond and finally settled the estate on October 26, 1889, all his rights and powers, as well as that of Thomas R. Pullis, Jr., as surviving partners were suspended, and the property belonging to the estate of "Pullis Brothers" would have to be disposed of by Augustus Pullis as administrator before final settlement and accounted for in the estate, otherwise it was not administered on and no title to it passes by a disposition or change by either of the surviving partners after administration was closed. Bredow v. Mutual Savings Inst., 28 Mo. 185; Croughton v. Forrest, 17 Mo. 131; Hargadine v. Gibbons, 114 Mo. 566.   (3)   Any attempt by either Augustus or Thomas

R. Pullis, Jr., to dispose of or transfer these shares of stock did not carry any title or dispose of the interest of these plaintiffs when it was done without their knowledge or consent. "Forgery can confer no power nor transfer any rights." Telegraph Co. v. Davenport, 97 U. S. 369. (4) Stock certificates are not negotiable instruments; they are simply muniments of title and evidences of the holders to a given share in the property and franchises of the corporation. If one purchases from one who has authority to sell the certificate, it does not alter the title to the interest of the true owner in the corporation. Land Co. v. Dennis, 85 Ala. 565. (5) Matters embraced in this petition are affairs that have always belonged to the original jurisdiction in a court of equity, partnership matters, accounting by trustees, fraud, whether arising from omissions, acts, or concealment. Rankin v. Patton, 65 Mo. 414; Clyce v. Anderson, 49 Mo. 40. And a suit in equity by the only children and wife of Theodore Pullis are the proper parties to prosecute the suit. Baldwin v. Davidson, 139 Mo. 118.

*Henry Boemler* and *Harmon J. Bliss,* for respondents.

(1) Both at law and in equity, the whole personal estate of the deceased vests in the executor or administrator. Contingent, as well as all absolute, interests in personal property and choses in action, pass to the executor or administrator, and as no title to the personal property vests in the next of kin, as such, they can obtain their distributive share only through administration. Nor can the heir maintain an action without the intervention of the administrator, even though he be the sole distributee of the estate. If the facts stated in the amended petition gave any right of action against anybody, that action could be maintained only by administration *de bonis non* of the estate of Theodore Pullis

for the benefit of that estate. Leakey v. Maupin, 10 Mo. 368; Hannenkamp's Ad. v. Borgmeir, 32 Mo. 569; Smith v. Denny, 37 Mo. 20; Hellmann v. Wellenkamp, 71 Mo. 407; Green v. Tittman, 124 Mo. 376; State ex rel. Hounson v. Moore, 18 Mo. App. 406; Becraft v. Lewis, 41 Mo. App. 546; McMillan v. Wacker, 57 Mo. App. 222; Bradford v. Felder, 2 McCord Eq. 168; Marshall v. Gayle, 58 Ala. 284; Jenkins v. Freyer, 4 Paige Ch. 47; Scruggs v. Scruggs, 105 Fed. 28; 15 L. R. A. 491, note; Barbour, Parties to Actions (2 Ed.), sec. 14, pages 567-569. (2) Where final settlement of a decedent's estate has been made without the payment of all claims allowed against the estate, and the administrator has failed to inventory all the assets, or to collect all the collectible assets inventoried, the estate must be reopened and an administrator *de bonis non* must be appointed to collect such assets and pay such allowed claims, and the probate court has jurisdiction to appoint such administrator *de bonis non* after any lapse of time. Howell v. Jump, 140 Mo. 441; Mallory's Appeal, 62 Conn. 218; Holmes, Petitioner, 33 Me. 577; Bandcroft v. Andrews, 6 Cush. 495; Kempton v. Swift, 2 Metc. (Mass.) 70. Final settlement is not conclusive as to inventoried assets, nor if obtained by fraud, and the estoppel of the judgment vanishes when fraud is made to appear. Even if there be no fraud, the mere discovery of new assets of an estate whose assets already administered upon have proved insufficient to pay debts, will render necessary the granting of new administration, and the appointment of an administrator *de bonis non*. Callahan v. Griswold, 9 Mo. 784; Freeman on Judgments (4 Ed.), secs. 250, 491 and 591; Lewis, Pub. Admr., v. McCabe, 76 Mo. 307. (3) As to the respondents, Allen, Mermod and Marshall, Sr., the amended petition states no cause of action for the further reason that there is no specific allegation that the shares of stock in question were transferred to them or that they ever were the holders of the same. If they were the transferees of the certificates, this would

be a material fact, and should have been directly, distinctly and definitely averred. Bredell v. Alexander, 8 Mo. App. 110; Cook v. Putnam Co., 70 Mo. 668; Johnson v. Laflin, 103 U. S. 800; Salisbury Mills v. Townsend, 109 Mass. 115; 2 Beach on Corporations, secs. 673 and 678, and cases cited, pages 1059-1068; Lanier v. Bank, 11 Wall. 369.

BRACE, P. J.—This is an appeal from a judgment of the St. Louis City Circuit Court sustaining demurrers to the plaintiffs' amended petition, filed February 16, 1901, and which, omitting caption, is as follows:

"Plaintiffs by their amended petition, leave of court first had and obtained, for their cause of action state, that the 'Oak Hill Cemetery Association' is now and was at the time hereinafter stated a stock corporation duly incorporated under the laws of the State of Missouri, having its chief office or place of business in the said city of St. Louis; that the defendants, Merrit H. Marshall, Sr., Nathan D. Allen, and A. S. Mermod, claim to have an interest in the shares of stock which were wrongfully and fraudulently issued for no other consideration than the surrender of certificate No. 11, hereinafter mentioned by intermediate surrenders and cancellations, all of which are involved in the controversy in this case. That the plaintiffs are the only heirs at law of Theodore Pullis, deceased, who departed this life on or about the 2d day of January, 1884, intestate; that Augustus Pullis administered on the estate of said deceased in the probate court of the city of St. Louis, and finally settled said estate on or about the 28th day of September, 1892; that at the time of his death the said Theodore Pullis, was a member of the firm of 'Pullis Brothers,' a co-partnership composed of Augustus Pullis, Theodore Pullis and Thomas R. Pullis, Jr., the interest of each being one undivided one-third of all the assets and property of said firm; that Augustus Pullis, as surviving partner, administered on

the co-partnership estate of 'Pullis Brothers,' and finally settled said co-partnership estate on or about the 26th day of October, 1889; that during the life of Theodore Pullis, on or about the 2d day of January, 1882, the said 'Pullis Brothers' became the owners of the entire estate of T. R. Pullis & Sons in the Oak Hill Cemetery Association, which was represented by one hundred and sixty shares of the capital stock of the said association, and evidenced by certificate No. 11 of the then value of fifty dollars per share, and at the time of the death of Theodore Pullis, said shares of stock then appeared on the books of the said corporation, having been previously issued on June 17, 1879, in the name of T. R. Pullis & Sons, a co-partnership in which the said members of the co-partnership of 'Pullis Brothers' had been all interested prior to the death of T. R. Pullis, Sr.; that afterwards on the 9th day of December, 1893, said corporation issued a stock certificate to 'Pullis Brothers' for one hundred and sixty shares of its capital stock, which was at the time numbered 18: that previous to issue of said certificate No. 18 on or about the 2d day of January, 1882, the said co-partnership of 'T. R. Pullis & Sons' was by mutual consent dissolved, and the said firm of 'Pullis Brothers' for value received became the entire owner of said one hundred and sixty shares of said corporation, and continued to be up to the time of the death of said Theodore Pullis, deceased.

"Plaintiffs further state that the said Augustus Pullis, now deceased, did not either in the estate of Pullis Brothers, or in the estate of Theodore Pullis, deceased, inventory or administer on said shares of stock, or in any manner ever account to the plaintiffs for their interest in said shares of stock; that Thomas R. Pullis, Jr., of the defendants, well knew of all of these facts and after the final settlement of the said estate of said Theodore Pullis, deceased, the said Thomas R.

Pullis of the defendants, and the said Augustus Pullis, deceased, surreptitiously concealed the existence of the interest of the said Theodore Pullis, deceased, from the plaintiffs in and to the shares of stock and did on the 9th day of December, 1893, surrender to the said corporation said certificate No. 11, and had the corporation cancel said certificate and issue a certificate in the name of Pullis Brothers, which was said No. 18, for the said one hundred and sixty shares. Plaintiffs aver that the concealment of said Augustus Pullis, deceased, and Thomas R. Pullis, Jr., of the existence of certificate No. 11 and the issue of said certificate No. 18 were fraudulently done by the said Augustus Pullis and Thomas R. Pullis, Jr., for the purpose of destroying the evidence of said shares of stock, and depriving the plaintiffs of their interest in said shares of stock.

"Plaintiffs further state that afterwards, to-wit, on or about the 15th day of October, 1894, Augustus Pullis departed this life and by his last will and testament appointed Angeline E. Pullis executrix of said will; that she administered on said estate and finally settled it on the 22d day of March, 1897.

"That soon after the death of Augustus Pullis, to-wit, on the 23d day of September, 1895, Thomas R. Pullis, Jr., of defendants, then being the only surviving partner of said Pullis Brothers, he having at that time, and long prior thereto, possession of the said certificate No. 18, unlawfully and fraudulently surrendered said certificate, without any authority from the plaintiffs, to said corporation, and had certificate No. 32 for two hundred shares issued to Christian A. Pullis, and on the 30th day of September, 1895, had certificate No. 43 issued to Cora B. Pullis, his wife, for one hundred and ninety shares, and certificate No. 44 for ten shares issued to himself, Thomas R. Pullis, Jr.

"That on the face of all of these said certificates it is expressly stated that the transfers of shares of stock

could only be made on the books of the said corporation; that no transfer was ever made by any person authorized, of certificates Nos. 11 and 18 aforesaid, that the said corporation by its agents and officers negligently and fraudulently cancelled said certificate and issued as aforesaid the said certificates Nos. 32, 43 and 44 aforesaid, without any other consideration than the surrender of said certificates Nos. 11 and 18 as aforesaid, the increase of shares having been justified by the increase in assets and an increase in the capital stock authorized by a vote of the stockholders; that no further money has been paid to the association than was originally paid by T. R. Pullis & Sons and said 'Pullis Brothers.'

"Plaintiffs further state that the said A. S. Mermod and the said Nathan D. Allen were respectively president and secretary and treasurer as well as director during all of the times hereinbefore stated of the said Oak Hill Cemetery Association, and well knew that the co-partnership of 'T. R. Pullis & Sons' was composed of T. R. Pullis, Sr., Theodore Pullis, Augustus Pullis and T. R. Pullis, Jr., and that Pullis Brothers was composed of Theodore Pullis, Augustus Pullis and Thomas R. Pullis, Jr., and well knew that the estates of T. R. Pullis & Sons and that of Pullis Brothers were administered on by Augustus Pullis as surviving partner, he giving bond in both of these estates, and that before the surrender of certificate No. 11 aforesaid and issuing of said certificate No. 18, these co-partnerships had been finally settled, and that Augustus Pullis was no longer authorized to act for either; his rights as surviving partner and that of Thomas R. Pullis, Jr., having been abrogated by said administration, but notwithstanding the knowledge of the said corporation, its agents and officers, it fraudulently permitted and aided the said Augustus Pullis and Thomas R. Pullis, Jr., in their fraudulent cancelling of said two certificates and did issue the certificate named in lieu thereof, without requiring either Augustus Pullis or Thomas R. Pullis,

Jr., to show anything for their part in said fraudulent acts of surrender and receipting for the shares issued by it.

"Plaintiffs further aver that they have at all times since the second day of January aforesaid, been the owners of, and entitled to the one undivided one-third of said four hundred shares, that is one hundred thirty-three and one-third shares of the value of $4,000.

"Plaintiffs further state Nathan D. Allen and A. S. Mermod by intermediate cancellation and issue of the 200 hundred shares of stock issued to Christian A. Pullis, now hold a certificate of 100 shares each, since September 13, 1897; that all of the defendants holding these certificates have collected at various times dividends from said corporation to the amount of at least $3,000, the one third of which rightfully belongs to the plaintiffs; that Thomas R. Pullis and Cora B. Pullis are both insolvent.

"Plaintiffs further state that the defendants knew at all times the interest of the plaintiffs in said shares of stock which was not known to plaintiffs to within six months prior to the filing of this suit.

"That no settlement has ever been made between the estate of Theodore Pullis, deceased, and the partners who survived him of the Pullis Brothers, nor with these plaintiffs.

"Therefore, the plaintiffs pray for an accounting of the dividends collected by the defendants on the interest of plaintiffs, that an accounting and settlement be made so as to ascertain the interest of the plaintiffs in and to said four hundred shares of stock, and for an order and decree that the certificate of stock now held by defendants be surrendered and cancelled and that said corporation issue to the plaintiffs separately the number of shares each may be entitled to, and the plaintiffs further pray for a restraining order enjoining the defendants from selling, assigning or transferring in any manner the said shares of stock until a final hearing

of this case, and for an order and decree that the said corporation pay all future dividends that shall be declared on one hundred and thirty-three and one-third shares of stock to plaintiffs, and for such other and further orders and relief as to the court may seem proper and equitable in the premises, and that summons be issued to Merrit H. Marshall, Sr., Nathan D. Allen and A. S. Mermod."

A fatal objection to the petition is so clearly and tersely stated in one of the demurrers thereto, that a quotation of that statement may well furnish a sufficient reason for sustaining the judgment of the circuit court, without further argument or examination of the many other objections urged against it.   It is as follows:

"Said petition shows on its face that there is no right of action in the plaintiffs, or any of them, for possession of the property described in plaintiff's petition, or any part thereof or interest therein, or accounting therefor, nor any right of action growing out of, or in regard to said property, for the reason that it appears from said petition that the shares of stock of the Oak Hill Cemetery Association issued to Thomas R. Pullis & Sons, and described in said petition, for possession of one-third of which stock and accounting for the revenue therefrom, this action purports to have been brought, was an asset of the co-partnership firm of Pullis Brothers at the time of the dissolution of said co-partnership firm by the death of Theodore Pullis, and that, consequently, the legal title to said stock vested immediately upon his appointment, in the administrator of the co-partnership estate of Pullis Brothers (which administrator appears by plaintiff's petition to have been Augustus Pullis), and that all rights of action for possession of, or in regard to, said stock, were by virtue of his said appointment solely in said Augustus Pullis, as administrator of the co-partnership estate of Pullis Brothers, and that, as it further appears from plaintiff's petition that said Augustus Pullis is dead and administra-

tion of said co-partnership estate of Pullis Brothers has been closed, all said rights of action in regard to said stock must pass to and be exclusively in an administrator *de bonis non,* when lawfully appointed on a reopening of the administration of the co-partnership estate of Pullis Brothers for the benefit of the creditors and distributees thereof, and until such administrator *de bonis non* is appointed said rights of action are in abeyance and such rights of action are not in the distributees individually nor collectively, and still less are they in the plaintiffs herein, who are alleged by said petition to be the heirs at law of Theodore Pullis, which said Theodore Pullis appears by said petition to have been a distributee of said co-partnership estate of Pullis Brothers.''

If authority were needed to support so evident a proposition it may readily be found in the cases cited in the brief of counsel for respondent.

The judgment of the circuit court is affirmed.   All concur.