## W. L. TOLER and MARY L. TOLER, Appellants, v. JAMES A. JUDD et al.

**Division One, December 2, 1914.**

**FRAUD: Suit to Recover Decedent's Personal Property: Cannot Be Maintained By Heirs.** The heirs of decedent, so long as his widow is administratrix, cannot maintain suit to recover the value of a stock of merchandise out of which he was fraudulently cheated by defendants—not even by joining the administratrix, on her refusal to sue, as a defendant. Such suit can only be maintained by the administratrix as plaintiff; and if she refuses to sue, the remedy of the heirs is to sue on her bond, or to bring proceedings in the probate court to have her removed as administratrix and another appointed in her stead.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Weatherby & Frank* and *Higbee & Mills* for appellants.

The court erred in sustaining the demurrer to plaintiffs' petition. It states a good cause of action in equity. Plaintiffs are the equitable owners of the stock of merchandise, subject to the widow's rights therein, and on her neglect or refusal to sue, or join in this action, are entitled to the relief prayed in the petition; and upon the annulment of the exchange are entitled to have the value of the stock of merchandise paid over to the administratrix as assets of the estate. Ford v. Hennessy, 70 Mo. 593; Story's Eq. Plead., sec. 170; Richardson v. Cole, 160 Mo. 372; Trotter v. Mutual Reserve Assn., 70 N. W. 843; Bem v. Shoemaker, 74 N. W. 239; Buchanan v. Buchanan, 22 L. R. A. (N. S.) 461; Samuel v. Marshall, 3 Leigh, 567; Padgett v. Smith, 206 Mo. 309.

*E. C. Lockwood* and *J. W. Peery* for respondents.

(1) The legal title to the personal estate of a decedent vests in his administrator. The heir can acquire no title thereto except through an administration in the probate court, and therefore has no right to maintain an action with respect to the personal estate. Leaky v. Maupin, 10 Mo. 368; State to use v. Fulton, 35 Mo. 323; Smith v. Denny, 37 Mo. 20; Vastine v. Dinan, 42 Mo. 269; State ex rel. v. Moore, 18 Mo. App. 406; Becraft v. Lewis, 41 Mo. App. 546; Hellman v. Wellenkamp, 71 Mo. 407; Pullis v. Pullis, 178 Mo. 683; Brueggeman v. Jurgenson, 24 Mo. 87; Griesel v. Jones, 123 Mo. App. 45; Orchard v. Store Co., 225 Mo. 414; Hillman v. Schwenk, 68 Mich. 297; Bourget v. Monroe, 58 Mich. 566; Hanenkamp's Admr. v. Borgmier, 32 Mo. 569. (2) If an administrator, in a proper case refuses to bring an action for the recovery of the personal property belonging to the estate, the remedy of the heir is either to sue him upon his bond, or to institute proceedings in the probate court to have him removed and another appointed in his stead. R. S. 1909, secs. 34, 50; Hellman v. Wellenkamp, 71 Mo. 407; Pullis v. Pullis, 178 Mo. 683; Hillman v. Schwenk, 68 Mich. 300; Flynn v. Flynn, 183 Mass. 365; Pritchard v. Norwood, 155 Mass. 539; Putney v. Fletcher, 148 Mass. 247; Scruggs v. Scruggs, 105 Fed. 28; Moore v. Fidelity Co., 138 Fed. 1; 2 Woerner's Am. L. Adm. (2 Ed.), p. 674, sec. 322; Butler v. Roer, 163 Mo. App. 287; Morrow v. Morrow, 113 Mo. App. 444.

WOODSON, P. J.—This is a bill in equity, instituted by the plaintiffs against the defendants in the circuit court of Macon county, to set aside and cancel a certain contract made and entered into by and between one E. F. Toler and James A. Judd, by which the former traded a certain stock of goods at Mc-

Fall, Missouri, to the latter for certain real estate, and other considerations, located in Macon county.

There was a demurrer filed to the bill, which was by the circuit court sustained, and the plaintiffs declining to plead further judgment was duly rendered against them. In due time and in proper form the plaintiffs appealed to this court.

This state of the record requires this court to pass upon the sufficiency of the bill, and the demurrer filed thereto. The bill is as follows:

"Plaintiffs for their cause of action state that on and prior to January 31, 1910, one E. F. Toler was the owner of a general stock of merchandise of the value of $16,500, then located and situated in a certain store building occupied by him in the town of McFall, in Gentry county, Missouri; that the defendant Judd was then the owner in fee of certain lands located in Macon county, Missouri, to-wit:

"Fifteen acres off the south end of the west half of the northwest quarter; and the east half of the northwest quarter, and the west half of the northeast quarter, and the southeast quarter of the northeast quarter, and the north half of the southeast quarter, all in section 6, township 57, range 17, containing 295 acres more or less, subject to certain deeds of trust aggregating about $4000 principal; that said lands were then not worth to exceed $25 per acre, or $7375 in the aggregate, and the said Judd's equity of redemption therein was not worth to exceed $3375; that the said E. F. Toler was then, and for a long time prior thereto had been, broken down in health, physically and mentally weak, of unsound mind, incapable of transacting business, easily susceptible to persuasion, influence and suggestions, and in constant fear and dread of death, and suffering from a mortal illness, as the defendants and each of them then well knew.

"Plaintiffs further state that the defendant, James A. Judd, well knowing the said condition of the

said E. F. Toler physically and mentally, with the intention, design and purpose to fraudulently cheat and defraud the said E. F. Toler out of his said stock of merchandise, did falsely and fraudulently represent to the said E. F. Toler that the said lands of the said James A. Judd were of the value of $60 per acre, and with the fraudulent purpose aforesaid, proposed to the said E. F. Toler that he would sell and exchange his equity in said lands in Macon county, Missouri, at the valuation of $13,700, taking the said Toler's stock of goods in exchange therefor at the valuation of $16,500, and would settle the difference in favor of said Toler of $2800 in certain notes that said Judd then held on persons living on or in the neighborhood of said lands in Macon county, Missouri, which said Judd falsely and fraudulently represented to said Toler were good, solvent and collectible notes.

"Plaintiffs further state that said E. F. Toler was not acquainted with the said lands of the said Judd in Macon county, Missouri, and was wholly ignorant of the value of said land, and was wholly ignorant of whether the said notes for the said sum of $2800 were solvent and collectible, all of which the defendant Judd then well knew, and the said Judd importuned and constrained the said E. F. Toler to make said exchange of said stock of goods for the said lands in Macon county, Missouri, and the said $2800 in notes, the said E. F. Toler being wholly unable to resist the importunities, persuasions and constraint of the said Judd for that purpose, as the said Judd then well knew, and said Toler wholly relying upon the said representations of the said Judd, and being unable to resist his importunities and persuasions, was induced thereby to sell and deliver to the said Judd his said stock of goods in exchange for said lands and said notes for $2800, and did on January 31, 1910, so wholly relying upon said representations of the said Judd, and being so fraudulently influenced by the said Judd, as aforesaid, sell

and deliver to him his said stock of goods, and received in exchange therefor, a deed from the said James A. Judd and his wife conveying said lands to him, the said E. F. Toler, and Ida E. Toler, the defendant, his wife, subject to four certain deeds of trust upon said lands to secure the payment of four several notes therein described, aggregating the sum of $4000 principal, the said Judd then assigning and transferring without recourse to the said E. F. Toler and Ida E. Toler, his wife, said notes aggregating the said sum of $2800; and plaintiffs aver that the said representations of the said James A. Judd were wholly false; that said lands were not worth to exceed $25 per acre, and the equity of redemption of the said James A. Judd therein was not worth to exceed $3375, and the said notes for the sum of $2800 were not collectible, and the makers thereof were insolvent.

"Plaintiffs further state that they do not know and are unable to state the names of the makers of said notes.

"Plaintiffs further state that immediately upon effecting said exchange, the defendant James A. Judd, took possession of the said entire stock of goods so owned by said E. F. Toler, and removed the same from said town of McFall and has converted the same to his own use.

"Plaintiffs further state that the said E. F. Toler, of the said illness of which he was then suffering, as aforesaid, died on or about March 1, 1910, intestate and without issue, being at the time of his death a resident of Gentry county, Missouri, and left surviving him his widow, the defendant Ida E. Toler, and the plaintiff W. L. Toler, his brother, and Mary J., his mother, his only surviving heirs; that the father of E. F. Toler had theretofore died, and that said E. F. Toler had no sisters or brothers, or their descendants surviving him. other than his brother W. L. Toler.

"Plaintiffs further state that immediately upon the death of said E. F. Toler, the defendant Ida E. Toler, took out letters of administration and was appointed administratrix of the estate of E. F. Toler, by the probate court of Gentry county, Missouri, and duly qualified, and has ever since been, and now is acting as such administratrix; that plaintiffs have requested the said Ida E. Toler to join with them in this action; and have been unable to obtain her consent, and she has refused to join with them in this action, either individually or as administratrix of the estate of E. F. Toler, deceased, and they have for that reason made her a co-defendant in this action, individually and as administratrix of the estate of said E. F. Toler, deceased.

"Plaintiffs further state that they are willing, and now offer, to convey to the said James A. Judd any interest that might or would pass to them in the lands above described by reason of said conveyance of the said James A. Judd and his wife to the said E. F. Toler and Ida E. Toler, and are willing to transfer to said James A. Judd any interest they may or might have in said notes for $2800, and they pray that said sale and exchange of said stock of goods so owned by said E. F. Toler for the said lands in Macon county, Missouri, and said notes for $2800 be cancelled and set aside, and for naught held, and that the said defendant, James A. Judd, be required to account for and to pay over to the administratrix of the estate of the said E. F. Toler, the said sum of $16,500, the value of said stock of goods so owned by the said E. F. Toler, and that judgment be rendered in favor of Ida E. Toler, as administratrix of the estate of E. F. Toler, deceased, for the sum of $16,500 with interest and costs of suit, and that she be required to return to the said James A. Judd the said notes for $2800, and to reconvey to said Judd said lands in Macon county, Missouri, and for other proper relief."

The demurrer was as follows:

"Now come the defendants and demur to the petition of plaintiffs filed herein, and assign the.following grounds of demurrer, to-wit:

"First, because said petition fails to state facts sufficient to constitute a cause of action.

"Second, because said petition fails to state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants.

"Third, because said petition shows upon its face that plaintiffs have no legal capacity to sue herein.

"Fourth, that there is a defect of parties plaintiff, in that under the allegations of the petition, the administratrix or administrator of the estate of said E. F. Toler, deceased, is a necessary party plaintiff to this action.

"Fifth, because there is an improper joinder of parties plaintiff in that said W. L. Toler and Mary J. Toler have no right or authority to maintain this action, and are improper parties plaintiff herein.

"Sixth, because said petition shows upon its face that the cause and right of action, if any exists, is in the administratrix of the estate of E. F. Toler, deceased, and the remedy of the plaintiffs, if any they have, must be pursued in an entirely different proceeding from that sought to be maintained in this action.

"Seventh, because said petition, in effect, attempts to divest the defendant, Ida E. Toler, of her title to the real estate therein mentioned, and the same fails to allege any fact or facts, showing, or tending to show, that the said Ida E. Toler participated in any pretended or alleged fraud claimed to have been perpetrated upon the said E. F. Toler, deceased, in the sale of said stock of merchandise, or the conveyance of the real estate in said petition described.

"Eighth, because said petition fails to state the specific facts and acts of the defendant Judd which it is claimed constituted fraud or undue influence, and

fails to state any specific facts amounting in law to fraud sufficient to justify the rescission of said contract of sale.

"Ninth, because said petition fails to allege that the said E. F. Toler did not see or examine the real estate mentioned in said petition, and fails to allege that he did not investigate the solvency of the makers of the notes therein mentioned; or that he was prevented from making such examination of such land; or such investigation of the solvency of the makers of said notes, by any act or conduct on the part of the defendant Judd."

I. It will be observed by reading this bill that it states that E. F. Toler and Ida E. Toler, at the time of the execution of the contract mentioned, were husband and wife; that after its execution the husband, E. F. Toler, died intestate, leaving surviving him his widow, Ida E. Toler; his mother, Mary J. Toler and a brother, W. F. Toler, as his only heirs at law; that Ida E. Toler was the duly appointed and acting administratrix of her deceased husband's estate.

Upon that state of facts counsel for defendants contend, among other things, that since the object of the suit was to annul the contract and recover back the stock of merchandise, which of course was personal property, it could not be maintained by the plaintiffs, although it being admitted by the demurrer, that they were heirs of the deceased, for the reason that the title to personal property of a deceased person vests in his administrator, and that the heir can acquire no title thereto except through an administration of the estate through the probate court, which has not been done, rather completed, in this case.

The following authorities cited by counsel for defendants fully sustain this contention, viz.: Leakey v. Maupin, 10 Mo. 368; State to use v. Fulton, 35 Mo. 323; Smith v. Denny, 37 Mo. 20; Vastine v. Dinan, 42

Mo. 269; State ex rel. v. Moore, 18 Mo. App. 406; Becraft v. Lewis, 41 Mo. App. 546; Hellman v. Wellenkamp, 71 Mo. 407; Pullis v. Pullis, 178 Mo. 683; Brueggeman v. Jurgensen, 24 Mo. 87; Griesel v. Jones, 123 Mo. App. 45; Orchard v. Store Co., 225 Mo. 414; Hillman v. Schwenk, 68 Mich. 297; Bourget v. Monroe, 58 Mich. l. c. 566; Hanenkamp's Admr. v. Borgmier, 32 Mo. 569.

We, however, do not understand that counsel for plaintiffs controvert the conclusion previously announced, but seek to evade the effect thereof by saying that, because they are heirs of the deceased Toler, and therefore the equitable owners of the stock of goods, subject to the widow's marital rights therein, and her neglect or refusal to sue or join them in the suit, entitled them to institute and maintain this action against her individually and as administratrix, as well as the other defendants.

This position of counsel for plaintiffs is untenable, for the reason that this court has repeatedly held that if an administrator, in a proper case, refused to bring an action for the recovery of personal property belonging to the estate, the remedy of the heir is either by a suit on his bond, or to institute proper proceedings in the probate court to have him removed from office, and have another appointed in his stead. Among such cases are the following: Hellman v. Wellenkamp, 71 Mo. 407; Pullis v. Pullis, 178 Mo. 683; Hillman v. Schwenk, 68 Mich. l. c. 300; Flynn v. Flynn, 183 Mass. 365; Pritchard v. Norwood, 155 Mass. 539; Putney v. Fletcher, 148 Mass. 247; Scruggs v. Scruggs, 105 Fed. 28; Moore v. Fidelity Trust Co., 138 Fed. 1; 2 Woerner's Am. L. Adm. (2 Ed.), p. 674, sec. 322; Butler v. Roer, 163 Mo. App. 283, l. c. 287-288.

The cases cited by counsel for plaintiffs are not in point. They are cases where the beneficiary has in certain cases been permitted to sue where the trustees, officers and directors of corporations, etc., have declined

to sue; but they are based upon the ground that those beneficiaries, stockholders, etc., have no other remedy. The books are full of such cases, and the doctrine therein announced is so familiar to the bench and bar it would be useless to cite them. But the case at bar is not embraced in that class, for the reason that the law affords the plaintiffs ample remedy, as is shown by the authorities last cited.

We are, therefore, of the opinion that the judgment of the circuit court should be affirmed; and it is so ordered. All concur.