68   69
41a 383

---

## BRADLEY v. WEST, *Appellant.*

1. **Former Recovery of part of a Tract, as Evidence of right to the whole.**  A verdict and judgment of restitution in an action of forcible entry and detainer for a tract of land, part of a larger tract, all of which is claimed by defendant under the same alleged title, is, in a subsequent action of ejectment between the same parties, conclusive upon the question of the right of possession at the date of the forcible entry, not only as to the tract actually detained by defendant but as to the whole; and when restitution has been made under the judgment, the *statu quo* is restored, and the defendant's possession of the smaller tract becomes from the beginning the plaintiff's possession, and all constructive possession arising out of defendant's actual possession under color of title, is thereby extinguished.

2. **Witness, other party dead.**  The fact that the grantor is dead does not make the grantee incompetent to testify in relation to the execution of a deed, when the question arises in a suit between the grantee and a stranger to the deed.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

*L. H. Waters* for appellant.

1.   Horton being dead, plaintiff, who was his grantee, was not competent to testify to the execution of the deed, nor to explain the erasures and interlineations.   *Poe v. Domic,* 54 Mo. 119 ; *Johnson v. Quarles,* 46 Mo. 423.   2.   This action was brought to recover the southeast quarter of section 15, 55 north, 23 west, on the 28th day of February, 1872, almost three years after defendant went into posses-

sion.   The action for forcible entry, the court will see from
the record, was commenced August 1st, 1871, for the
twelve acres off of the east side of the same tract.   The
judgment in the latter case, in effect, is for a different tract
of land.   The forcible entry on plaintiff's possession was
the foundation of his right to recover, while in the former
case defendant's entry, forcible though it may have been,
if with intent to claim the land, is the foundation of an
adverse possession; and if the possession taken thereun-
der was continued in good faith for the statutory period,
then plaintiff was barred.   And the good faith goes to the
intent to claim and possess the land.   *Bradley v. West*, 60
Mo. 41; Washb. Real Prop., 125.   While the plaintiff, un-
der the ruling of this court in *Bradley v. West*, 60 Mo. 59,
might have recovered the whole tract in an action for for-
cible entry, yet, as he did not bring that action for the land
in controversy, the forcible entry, will, as to this case, avail
him nothing.

*Botsford & Williams* with *Thomas J. Whiteman* for re-
spondent.

1.   The plaintiff was competent to testify touching
the execution of the deed.   2 Wag. Stat., § 1, p. 1372;
*Morse v. Low*, 44 Vt. 561; *Manufacturers' Bank v. Schofield*,
39 Vt. 594; *Looker v. Davis*, 47 Mo. 145; *Angell v. Hester*,
64 Mo. 142; *Isenhour v. Isenhour*, 64 N. C. 640; *Downs v.
Belden*, 46 Vt. 674.   2. The question of prior possession is
conclusively settled by the record of the proceedings in
the forcible entry and detainer case.   The question neces-
sarily and directly in issue in that action was whether re-
spondent, the claimant therein, was in the actual and peace-
able possession of the tract including the strip of twelve
acres on the day of the alleged unlawful and forcible entry.
To recover in that action it was incumbent on the the com-
plainant to show that he was in the actual and peaceable
possession of the premises claimed, and that defendant

entered upon that possession and ousted him. *Bell v. Cowan*, 34 Mo. 251; *Beeler v. Cardwell*, 29 Mo. 72; *Prewitt v. Burnett*, 46 Mo. 372; *Bradley v. West*, 60 Mo. 62. This record was admissible in the present suit, for the purpose of showing such adjudication. *McKnight v. Taylor*, 1 Mo. 282; *Offutt v. John*, 8 Mo. 124; *Harvie v. Turner*, 46 Mo. 444; *Ridgley v. Stillwell*, 27 Mo. 128; *Strong v. Ins. Co.*, 62 Mo. 295; *Wood v. Ensel*, 63 Mo. 194; 2 Wharton Ev., § 758; *Mitchell v. Davis*, 23 Cal. 381; *Stean v. Anderson*, 4 Harring. (Del.) 215. The judgment of a court of competent jurisdiction, directly upon a particular point, is, between the parties, conclusive in relation to such point, though the purpose of such suits be different. *Transportation Co. v. Traube*, 59 Mo. 362; *Spencer v. Dearth*, 43 Vt. 98; *White v. Coatsworth*, 6 N. Y. 138; Freeman on Judgts., § 253.

HOUGH, J.—This was an action of ejectment instituted March 1st, 1872, to recover the possession of a part of the southeast quarter of section 15, township 55, range 23, the same being military bounty land in the county of Carroll. The cause was tried at the December term, 1875. The defendant relied upon adverse possession under color of title for the period of two years, under the special limitation law applicable to such lands. The plaintiff had judgment and the defendant has appealed.

It appears from the record that the plaintiff and the defendant each had actual possession in April, 1869, of a part of the tract in controversy; the plaintiff of a strip on the west side of said tract containing about eight acres, and the defendant of a strip on the east side thereof containing about twelve acres. The intervening portion of the tract remained unoccupied until the summer of 1871, when the defendant took actual possession of a part and subsequently of the whole thereof. On the 22d day of June, 1871, plaintiff brought an action of forcible entry and detainer against

1. FORMER RECOVERY OF A PART OF A TRACT, AS EVIDENCE OF RIGHT TO THE WHOLE.

the defendant for the twelve acres occupied by him, and recovered judgment therefor, which judgment was affirmed by this court at its May term, 1875.  60 Mo. 59.  A writ of restitution was issued on this judgment and the plaintiff was restored to the possession of said twelve acres on the 11th day of November, 1875.  The only possession claimed by the defendant of the land lying between the eight acres on the west and the twelve acres on the east, prior to the summer of 1871, was a constructive possession thereof by reason of his alleged occupation of the twelve acres under color of title before the plaintiff, or any one for him, entered upon the western border of the tract.  But the verdict of the jury in the forcible entry and detainer case is conclusive of the fact that the plaintiff entered upon the western border of the tract before defendant entered upon the eastern border, and that the latter's entry was a forcible intrusion upon the plaintiff's possession, and when restitution was made under the judgment in that case the *statu quo* was restored, and the defendant's possession of the twelve acres, became, from the beginning, the possession of the plaintiff and all constructive possession arising out of the actual possession, under color of title, was thereby extinguished.  *Ferguson v. Bartholomew*, 67 Mo. 212.  The only adverse possession, therefore, which the defendant could rely upon, was the possession taken by him in the summer of 1871, and that was less than two years before the institution of the present suit.

As to the deed from Horton to the plaintiff, we are of opinion that the plaintiff was a competent witness to prove
2. WITNESS, OTHER PARTY DEAD. that the grantor's name was in the body of the deed and in the certificate of acknowledgment at the time such certificate was given by the justice, though Horton, the grantor, was dead.  The deed from Horton to plaintiff was not the contract or cause of action in issue and on trial.  The cause of action in issue and on trial was the alleged unlawful withholding, by the defendant, of the possession of certain lands from the

plaintiff, and both of the parties to this controversy are living. The case does not come, therefore, within the letter of the statute; nor does it come within the reason of the statute, as the representatives of Horton are not parties to this suit and cannot be affected by the result thereof. The validity of the deed from Horton to the plaintiff arises incidentally, and is not directly and necessarily involved in the issues to be tried. " By the words 'contract or cause of action in issue and on trial,' as used in the statute, the Legislature evidently intended such contract or cause of action as was to be enforced by the proceeding; that in regard to which an issue was to be formed and a trial had, where the rights of the parties to the contract or cause of action would be determined by the result." *Manufacturers' Bank v. Schofield*, 39 Vt. 590, 594. In *Downs v. Belden*, 46 Vt. 674, it was held that where A sued B in trover for the conversion of property which A bought of C, who was dead, A was a competent witness in his own behalf as to his contract of purchase with C. In *Granger v. Bassett*, 98 Mass. 462, speaking of the cases in which a party may be a witness under a statute like ours, the court said: " His competency must be determined in advance by the nature of the controversy and the question in issue. If, upon that test, he is admitted as a witness in the case, his testimony is competent for all purposes, although it may relate to transactions with a person since deceased, which prove to be involved in or to affect the matter in dispute." The case of *Looker v. Davis*, 47 Mo. 141, is to the same effect. We think the rule enunciated in these cases the correct one. It follows that the plaintiff was a competent witness. In *Poe v. Domic et al.*, 54 Mo. 119, and *Johnson v. Quarles et al.* 46 Mo. 423, the transactions in reference to which testimony was excluded on the ground that one of the parties thereto was dead, were brought directly in issue by the pleadings. In *Angell v. Hester*, 64 Mo. 142, a promissory note made by the defendant, was the contract in issue and on trial, and the defendant

was offered, as a witness, to vary his liability thereunder, by reason of a transaction had with the other party to said contract, who was dead. We held that he was properly excluded. We see no error in the record, and the judgment will be affirmed. All concur.

AFFIRMED.