JAMES W. LEWIS, ADMINISTRATOR OF JOHN O. LOCK-
HART, Respondent, v. JOHN W. OLIVER, Defendant;
MARTIN V. B. OLIVER, Interpleader, Appellant.

Kansas City Court of Appeals, May 10, 1886.

1. WITNESS—COMPETENCY OF WHERE ADMINISTRATOR IS PARTY—CASE
ADJUDGED.—" Where an administrator is a party, the other party can
not testify in his own favor, *unless* the contract in issue was origi-
nally made with a person who is living and competent to testify,
*except* as to such * * * contracts as have been made since the
probate of will, or appointment of administrator" (sect. 4010, Rev.
Stat.) Here the *contract* in issue was one alleged to have been
made by the interpleader with Lockhart—plaintiff's intestate. The
issue was whether he was entitled to an interest in an amount from
*defendant* upon a certain contract; that interest depended upon
the contract between the interpleader and Lockhart. *Held*, that
even if the contract was made by the interpleader with Lockhart, as
alleged, nevertheless the contract thus made was the *contract
in issue*, and the interpleader was incompetent to testify, except
as to matters included in the *second* exception of the statute; and
no evidence was offered concerning such matters by him.

APPEAL from Lafayette Circuit Court, HON. JOHN
P. STROTHER, Judge.

*Affirmed.*

Statement of case.

This was an action by plaintiff against defendant for
a balance due to the plainiiff's intestate upon a contract
between him and the defendant.

The defendant in his answer admitted the appoint-
ment of plaintiff as administrator, as alleged in the peti-
tion; admitted the contract as therein averred; and also
admitted that he was indebted on the said contract in
the sum charged in the petition.

Further answering the defendant stated as follows:
"Defendant states that he is informed that one

Martin V. B. Oliver claims that he is entitled to a part of said sum, and that he had an interest in the proceeds of said contract as the partner of said John O. Lockhart.

"Defendant states that he does not know whether the said contract was made for and on behalf of said John O. Lockhart and Martin V. B. Oliver jointly, or as partners, but that there is due from him to somebody the said sum claimed on account of said contract for cutting and sawing lumber.

"Defendant prays that Martin V. B. Oliver be compelled to interplead," etc.

Martin V. B. Oliver was permitted by the court to interplead. In his interplea he claimed one-half of the amount due from the defendant on the contract in suit. This claim was founded upon an agreement made betwen the interpleader and John O. Lockhart, and a contract made by the interpleader, in pursuance of such agreement, with the defendant. And it was charged that the amount in suit was due from the defendant on the contract thus made by the interpleader with the defendant.

The plaintiff answering denied the allegations of the interplea.

The case was tried by the court without the intervention of a jury. No declarations of law were asked or given.

The interpleader was produced as a witness. The court sustained the plaintiff's objection to his giving any testimony whatever in the case, for the reason that John Lockhart was dead. It was then offered to prove by the interpleader that he, for himself and John Lockhart, deceased, made a contract with John Oliver (which was afterwards sanctioned by said Lockhart), by the terms of which the lumber in controversy was to be placed by the interpleader and Lockhart in the log way of John Oliver's mill, to be sawed by John Oliver and then divided between John Oliver on the one part, and the interpleader and Lockhart on the other, in the man-

ner set out in the interplea; and also to prove the contract set out in the interplea. To the evidence thus offered the court sustained the plaintiff's objection, based upon the same ground—that John O. Lockhart was dead.

It was then offered to prove by the interpleader the agreement between the interpleader and Lockhart. The court sustained plaintiff's objection to the evidence offered, for the same reason.

The interpleader then offered to introduce in evidence the inventories and appraisements of the plaintiff, as administrator of the estate of Lockhart, filed in the probate court, in order to prove that there was no such property as that in controversy, or appraised as a part of said estate. The offer was denied on objection by the plaintiff.

The court found the issue, on the interplea in favor of the plaintiff, and the interpleader has appealed to this court.

GRAVES & AULL, for the appellant.

I. The finding of the court is against the evidence and the weight of the evidence. *Hacker v. Brown*, 81 Mo. 68; *Judy v. Bank*, 81 Mo. 404.

II. The court erred in excluding interpleader as a witness *for any purpose*, because Lockhart was dead. If incompetent as to some matters, he was, certainly, not so to all. *Bradley v. West*, 68 Mo. 69; *Martin v. Jones*, 59 Mo. 181; *Wade v. Hardy*, 75 Mo. 394.

III. The court erred in excluding the testimony of interpleader in regard to the contract made by him for himself and Lockhart, deceased, with John Oliver. Even the adverse party could testify. *Nugent v. Curran*, 77 Mo. 323; *Fulkerson v. Thornton*, 68 Mo. 468; *Amonett v. Montague*, 75 Mo. 43.

IV. The court erred in excluding the inventory and appraisement of Lockhart's estate. Although of a negative character the evidence was admissible.

V.　The contract between interpleader and Lockhart was not "the contract in issue and on trial." It is only incidentally involved as it respects original parties. *Bradley v. West*, 68 Mo. 73.

Wallace & Chiles, for the respondent.

I.　As no instructions were asked or given, there is no point of law on the finding to review. *Harrison v. Bartlett*, 51 Mo. 170; *Harrington v. Minor*, 80 Mo. 270.

II.　The evidence justified the finding. But this court will not undertake to weigh the evidence. *Easley v. Elliott*, 43 Mo. 289; *Wilson v. Railroad*, 46 Mo. 36. Even in chancery cases, where there is conflicting evidence, this court will defer to the finding of the trial judge. *Erskine v. Loewenstein*, 82 Mo. 309.

III.　According to the evidence *offered* by interpleader, it makes out no cause of action in his favor against John W. Oliver, nor any ground for his recovery in this case. If he has any claim at all it is his share of the *net* profits of the enterprise, for which his only remedy is a demand against the estate of Lockhart.

IV.　The exclusion of the inventory and appraisement was proper. Such documents neither prove nor disprove title to property or claims.

V.　The interpleader was not a competent witness in the case. As Lockhart was not alive to give his version of the agreement, the law closes the lips of the interpleader. So they may stand upon an equal footing, and let the question be decided, as at common law, by the evidence of third parties. *Stanton v. Ryan*, 41 Mo. 510; *Weiland v. Weiland*, 64 Mo. 168; *Butt v. Phelps*, 79 Mo. 302; *Lewis v. Weisenbaum*, 1 Mo. App. 222.

I.

Hall, J.—The evidence was clearly sufficient to support the finding of the court.

## II.

The interpleader would not have been a competent witness in this case at common law, being a party to the record.

Another party was the plaintiff, administrator of Lockhart. Section 4010, Revised Statutes, provides that "where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will or the appointment of the administrator  *   *   *   "

The interpleader was not competent to testify in this case unless he was within one of the exceptions made by the foregoing provisions of said statute. Generally speaking he was incompetent under said statute. Was he within either of the said exceptions ?

The contract in issue was a contract alleged to have been made by the interpleader with Lockhart. The issue in the case was whether the interpleader was entitled to an interest in the amount due from the defendant upon a certain contract. That interest rested and depended upon the contract between the interpleader and Lockhart. Without such contract, confessedly, the interpleader had no such interest. The interpleader in his interplea based his interest upon an express agreement made by him with Lockhart, authorizing him to make a certain alleged contract with the defendant for the interest of the interpleader and Lockhart in equal parts ; and his right to recover should be confined to the case thus made. But waiving that matter, so far as the question under consideration is concerned, it matters not how the contract between the interpleader and Lockhart was made. Even if such contract was made by Lockhart, ratifying an unauthorized contract theretofore made by the interpleader with the defendant, for the

benefit in equal parts of the interpleader and Lockhart, the contract thus made to share the profit was the contract in issue; and the interpleader was incompetent to testify in this case except as to the matters included in the second exception of the statute. But no testimony of the interpleader was offered concerning any such matters, and he was properly excluded as a witness.

### III.

The inventories and appraisements of the administrator were properly excluded. They were not competent for any purpose in this case.

The judgment is affirmed. All concur.