PAULINE CLEVELAND, Respondent, v. W. B. COULSON, Appellant.

Kansas City Court of Appeals, April 27, 1903.

Witnesses: PARTY TO A CONTRACT: PAYEE OF NOTE: PARTY TO THE RECORD. In an action on a note, a stranger to the record is not a competent witness to testify that by an agreement between the maker, the deceased payee and himself he was in fact the payee in said note.

Appeal from Adair Circuit Court. — *Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Campbell & Ellison* and *C. E. Murrell* for appellant.

(1) Was John Coulson an incompetent witness because of the death of Margaret Coulson? We contend he is not incompetent. Our statute (sec. 4652), provides that interest in the result of the suit will not disqualify a witness. Said section further provides "that in actions where one of the original parties to

the contract or cause of action in issue and on trial is dead . . . the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him." This statute disqualifies a witness who is a party to the contract or cause of action upon the death of the other party, only when such witness offers to testify in his own favor or in favor of a party to the action claiming under him. Ford v. O'Donnell, 40 Mo. App. 63; Nat. Bank v. Hunt, 25 Mo. App. 170; Gunn v. Thruston, 130 Mo. 339. (2) John Coulson is not a party to the suit—will not be bound by the result—will neither gain nor lose by this action. Then how can it be said his testimony would be in his own favor. In his own favor, can only mean, to his pecuniary gain—to his advantage. If the witness has been a warrantor of appellant, or if it was his duty to hold the appellant harmless, then his evidence would have been in his own favor. But the witness occupied no such position—will not be bound by the result—and his evidence could not be in his own favor. Neither would the evidence be in favor of a party claiming under the witness—appellant does not claim under the witness. Authorities supra. Baker v. Kelley, 29 Ohio St. 663; In re Worth's Wills, 129 N. C. 223. Section 4010, Revised Statutes 1879, was amended in 1887, but the amendment in no way affects the question at issue. In Meier v. Thompson, 90 Mo. 433, the court held section 4010 to mean just what our present statute expressly states.

*Joseph Park & Son* for respondent.

(1) John Coulson was an incompetent witness for the reason that he was beneficially interested in the result of the suit and cause of action in issue and on trial, according to his own testimony, and his mother being dead he is precluded by the common law, and by

statute, as well as the decisions of the courts of Missouri. Bagnell v. Chemical Bank, 76°Mo. App. 121; Beiber v. Boeckmann, 70 Mo. App. 503. (2) The statute not permitting one party to testify in a transaction cognizant by both when the other party is dead and can not be heard, should have liberal construction in order that the manifest object and purpose of the statute may be effectuated. Berlin v. Berlin, 52 Mo. 151.

BROADDUS, J.—This is a suit by plaintiff as assignee of a note for $650, due in one year from date, executed by the defendant on the 28th day of January, 1898, and made payable to one Margaret Coulson. A jury was waived and the case tried before the court. The finding and judgment were for the plaintiff, from which defendant appealed.

On the trial, defendant offered to prove by John Coulson, a son of Margaret Coulson the payee of the note, who was shown to be deceased, that at the time of its execution defendant was indebted to witness in the sum of $1,000—$650 of which was represented in said note; that by agreement between himself, defendant and Margaret Coulson, the note was made payable to her; that she was not the owner thereof, but that she was to collect the interest thereon and then give the note to witness, and that it always had been his property. Upon objection to his competency by plaintiff he was excluded as a witness.

The defendant was also introduced as a witness but he was excluded because he was a party to the record and the contract in issue.

Defendant admits that if the court was right in its rulings in holding that defendant and said John Coulson were not competent witnesses, the judgment should be affirmed. The defendant has not insisted in this court that he was a competent witness, but he seriously contends that John Coulson was such. In Gunn v. Thruston, 130 Mo. 339, the question of the competency of wit-

nesses arose in a partition proceeding, where the issue on trial was a transaction between the plaintiffs and their deceased father, wherein each plaintiff was by the terms of the statute disqualified as a witness to testify in her own behalf. The court, however, held that one plaintiff was not rendered incompetent to testify as a witness in behalf of the others. The language of the court is: ''In suits for partition, issues between the co-tenants in regard to their respective rights may be made and determined. One may be charged with rents or advancements, and another credited by improvements and payment of taxes. These questions become separate issues, and are to be tried independently of the general question involved.''

But that case is not analogous to the one under consideration, for here the proposed witness was a party to the contract in issue, and the other party was dead.

In Ford's Admr. v. O'Donnell, 40 Mo. App. 51, it was held that the witness was competent both at common law and under the statute where the other party was dead, when he was neither a party to the record nor a party in interest, and when he testifies in no sense in his own favor. In Bank v. Hunt, 25 Mo. App. 170, it was held in such cases a party to a contract who was not a party to the suit was a competent witness, when in no sense he was testifying in his own favor. In Meier v. Thieman, 90 Mo. 433, the court held that where one of the parties to the contract was dead, the other was not a competent witness in his own favor, whether he was a party to the suit or not.

These last three cases are not in conflict, and seem to embody the law governing the question involved in this case. The witness offered to testify was a party to the agreement made with the deceased payee of the note in suit, and though not a party to the record he was such in interest. It was sought by his testimony to constitute himself payee of the note instead of the

deceased. Mary Coulson. The facts which he was to prove would have made him a rival claimant of the note. It was therefore to his interest to defeat the plaintiff in her suit, and to that extent he was testifying in his own favor. He was, therefore, an incompetent witness, both at common law and under the statutes as construed by the appellate courts of the State.

For the reasons given, the cause is affirmed. All concur.