W. E. EDMONDS, Appellant, v. ADOLPH SCHARFF et al., Appellants.

Division Two, July 5, 1919.

1. **RES ADJUDICATA: Ejectment: Voluntary Conveyance: Former Appeal.** While a judgment in ejectment is not *res adjudicata* as to any issue determined therein, the doctrine announced on an appeal from such judgment is an authoritative statement upon the law as applied to the facts therein presented; but a finding by the trial court that a certain deed from a husband to his wife, reciting a nominal consideration, was voluntary and void as to creditors, there being no showing that it was in fact supported by a valuable consideration, is not *res adjudicata* in a subsequent suit in equity in which a valuable consideration is asserted.

2. **WITNESS: Competency: Other Party Dead: Agent.** A woman, whose son-in-law is dead, cannot testify that he owed her notes to the amount of three hundred dollars and that she bought from him the lots in suit and had him deed them to his wife and that

the notes were the actual consideration for the deed, which recited a consideration of one dollar. She was not the agent of the wife, but a party to the original contract, for the transaction is precisely the same as if she had purchased the lots, had the conveyance made to herself and subsequently conveyed to the wife; and under the statute (Sec. 6354, R. S. 1909), the son-in-law, "the other party to such contract," being dead, she is incompetent to testify in favor of the wife, or any person claiming under the wife.

3. **CONVEYANCE: Nominal Consideration: Voluntary: Correcting Mistake.** If no witness competent to testify is produced to show that a deed from the husband to his wife was supported by a valuable consideration, a recital therein that it was for a nominal consideration prevails, and it must be adjudged void as to his existing creditors, and neither the wife nor her grantees can maintain a suit in equity against them to correct a mistake in it.

4. **DISQUALIFICATION OF JUDGE: Judgment of Dismissal: Void Execution.** A judgment rendered by a judge not authorized to hear or determine a case is subject to collateral attack; and where a cause was submitted to a special judge and by him taken under advisement, and one of the counsel in the case afterwards became the regular circuit judge, a subsequent judgment of dismissal rendered by such regular judge is void, and an execution for costs and a sale of lands thereunder are likewise void.

5. **DOWER: Mansion House: Limitations.** Actions to establish the widow's dower in her husband's real estate, unless begun within ten years after his death, are barred by limitations; and the occupation by the widow of the mansion house thereon after her husband's death is no longer, since the Revision of 1889, an exception to the unqualified language of Section 391.

Appeal from Iron Circuit Court.—*Hon. E. M. Dearing, Judge.*

AFFIRMED in part; REVERSED AND REMANDED in part.

*J. L. Fort* for plaintiff.

(1) The deed should have been reformed, as sought in the first count. 7 Cyc. 255, 257; 34 Cyc. 904, 923; 24 Cyc. 57; Campbell v. Johnson, 44 Mo. 249; Jennings v. Brizeadine, 44 Mo. 335; Ford v. Unity Church, 120 Mo. 507; Bryant v. Gammon, 150 Mo. 655; Stroberry v. Walsh, 203 S. W. 291; Swearengin

v. Swearengin, 202 S. W. 556; Wilson v. Fisher, 172 Mo. 22. (2) The consideration clause in the deed from Edwards to his wife was open to explanation. Edwards v. Latimer, 183 Mo. 626. (3) The deed from Edwards to his wife was valid against the world and conveyed the equitable title to the wife. Clark v. Thias, 173 Mo. 644; Daniels v. Goeke, 191 Mo. App. 1; Brewer v. Daniel, 198 Mo. 320; O'Day v. Meadows, 194 Mo. 604; Tennison v. Tennison, 46 Mo. 77; Hammons v. Renfrow, 84 Mo. 342. (4) Mrs. Edwards had a dower interest in this land and that interest has passed to plaintiff. R. S. 1889, secs. 2934, 4514; Phillip v. Presson, 172 Mo. 24; Graham v. Stafford, 171 Mo. 697; Smith v. Stephens, 164 Mo. 422-3; Null v. Howell, 111 Mo. 277; Beard v. Hall, 95 Mo. 16; Robinson v. Wear, 94 Mo. 687; Sherwood v. Baker, 105 Mo. 478. (5) The judgment in ejectment in the case of Scharff v. McGaugh, constitutes no bar to the granting of any relief to plaintiff, by him sought in this suit. Swearengin v. Swearengin, 202 S. W. 556. (6) The plaintiff has whatever title to the premises in suit that defendants acquired by and through the sheriff's sale. The record in this case shows that the court had jurisdiction of the subject-matter and the parties in the case in which the judgment for costs was rendered, and the law is that the judgment so rendered was a lien upon the real estate of the party against whom it was rendered, situated in the county in which the judgment was rendered. Right action and not wrong action is to be presumed in cases like this. The judgment for costs was not void on its face and its validity has never been assailed in a direct proceeding, but has been assailed in this collateral proceeding. That judgments, regular upon their face and rendered by a court having jurisdiction of the subject-matter and the parties, cannot be assailed in a collateral proceeding is elementary learning. R. S. 1909, secs. 2284, 2290; Beedle v. Mead, 81 Mo. 304; Cranor v. School Dist., 151 Mo. 127.

*Wilson Cramer* for defendants.

(1) Plaintiff seeks to recover on the same title relied upon by defendant in the case of Scharff v. Mc-Gaugh, 205 Mo. 344. All questions relating thereto were considered by this court in that case and its decision is *res judicata.* (2) The sheriff's deed under exetion to plaintiff, dated September 12, 1904, and purporting to convey the interests of defendants, is void and conveys no title. (a) Because the judgment upon which the execution was issued, was rendered by J. L. Fort, then circuit judge, who had been counsel for the defendant in the cause and was disqualified from acting as judge. R. S. 1899, sec. 819. (b) Because at the time of the rendition of this judgment by Judge Fort the cause was still under advisement by Special Judge Bedford, who had tried the same and retained jurisdiction, and Judge Fort had no authority to make any order in the case. (3) In the fourth count plaintiff seeks to recover the dower interest of M. A. Edwards, widow of George L. Edwards, who died on the 22nd day of July, 1898. The present suit was brought February 5, 1910, as shown by the file marks on the petition and is barred. R. S. 1899, sec. 2979; R. S. 1909, sec. 371; Harrison v. McReynolds, 183 Mo. 533; Investment Co. v. Curry, 264 Mo. 483.

WHITE, C.—The petition in this suit was filed in 1910 in four counts, each of which seeks to affect the title to lots 10, 11 and 12 of Block 16 in the town of Bernie, in Stoddard County, Missouri. There was a judgment for defendants on counts 1, 2 and 3, and a judgment for plaintiff on count 4. The parties on both sides appealed.

It is admitted that George L. Edwards was the common source of title; he died in 1895. On December 26, 1892, he conveyed the property to his wife, M. A. Edwards, by direct deed. In the description in that deed lots 10, 11 and 12 were mentioned, but the block

6—279 Mo.

number was omitted. The consideration was recited to be one dollar. After her husband's death, in 1897, Mrs. M. A. Edwards conveyed the property to James L. Fort and James B. Buck and her title then passed by mesne conveyances to William McGaugh, who acquired it August 15, 1899. William McGaugh passed the title on by mesne conveyances to the plaintiff, W. E. Edmonds, who acquired a one-half interest in 1900 and the remaining half interest in 1902.

In December, 1892, at the time that G. L. Edwards conveyed the property to his wife, he was indebted to the firm of L. & A. Scharff in the sum of $162.40, for whiskey which he bought September 30, 1892. Suit was brought on this claim before a justice of the peace and judgment for $162.40 obtained January 19, 1893. A transcript of the judgment and proceeding before the justice was filed in the office of the clerk of the circuit court; execution issued, by virtue of which the Sheriff of Stoddard County levied upon and sold the property by correct description, and the same was purchased by L. & A. Scharff for the sum of $120, and conveyance made by the sheriff to them. The Scharffs then brought suit in ejectment against William McGaugh while he was in possession of the land; the petition was in the usual form and the answer was a general denial. Judgment of the circuit court was rendered in favor of the plaintiffs in that case for possession of the premises. The case was appealed to this court, where the judgment was affirmed. The Scharffs were put in possession in 1907, under a writ of restitution in that case.

Prior to the filing of the suit in ejectment and before the death of G. L. Edwards, L. & A. Scharff had brought suit against Lee Edwards (meaning G. L. Edwards) and M. A. Edwards, the purpose of which was to obtain equitable relief; that is, to set aside the conveyance made by G. L. Edwards to his wife. The suit was subsequently dismissed and costs assessed against the plaintiffs, L. & A. Scharff. Execution was issued upon that judgment for costs, the property sold by the

sheriff and conveyance made to the plaintiff here, W. E. Edmonds.

The petition in this case is in four counts, as stated: The first count sets out the conveyance by G. L. Edwards to his wife with mistake in the description, the subsequent conveyance whereby the plaintiff acquired her title, and prays to have the misdescription corrected and for possession of the premises, against the Scharffs, with an accounting for the rents and profits during the time of their incumbency.

The second count of the petition sets up the title under which the plaintiff claims, the sheriff's deed under which L. & A. Scharff acquired their interest and the facts that they were in possession, and prayed for a cancellation of the sheriff's deed, as a cloud upon the title, and an accounting of the rents and profits.

The third count of the petition states a cause of action to determine the title under the statute, Section 2535.

The fourth count alleges the title of G. L. Edwards, his death, the right to dower of his widow in the property and her conveyance of the same to the plaintiff.

The answer of the defendant alleges the title by which they acquired their claim in the property under the sheriff's deed in September, 1893, and sets up the Statute of Limitations in bar of the action for dower as alleged in the fourth count of the petition.

The Circuit Court held the sheriff's deed to the Scharffs was good, denied plaintiff's right to relief as prayed in the first, second and third counts, but adjudged that he had a right to the dower of the widow, M. A. Edwards, in the property. Other facts pertinent to the different issues raised in the case will be considered as the questions which they affect arise.

I. The plaintiff's claim of title as asserted in the first and second counts of his petition is based on an assertion of the validity of the deed from G. L. Edwards,

Showing Actual Consideration for Deed. to his wife, made in 1892, and his right to have that deed reformed so as correctly to describe the land. The plaintiff proceeds in equity and the question is whether the deed under which he claims gave him such a right as he might enforce against the defendants in a court of equity.

Many of the questions affecting the regularity of the transaction whereby the defendants acquired their title, and some of the questions affecting the validity of the deed of Edwards to his wife, were settled in this court in the case of Scharff v. McGaugh, 205 Mo. 344. It was held by this court in that case that the judgment, and all other proceedings, by which the Scharffs acquired title, were regular. It is true, the judgment being in ejectment is not *res adjudicata* here as to any issue determined there, but the doctrine announced in that case upon the facts presented is an authoritative statement of the law as applied to such facts.

Res Adjudicata. The court there held in the first place that the deed from G. L. Edwards to his wife showed on its face that it was a voluntary conveyance; it recites a consideration of one dollar; that a voluntary conveyance by a husband to his wife is void as to existing creditors. The debt to the Scharffs had been incurred and was in existence at the time the conveyance was made. It was also held that McGaugh, who claimed under Mrs. Edwards, might show there was in fact a valuable consideration for the deed which passed from her husband to her at the time. However, there was a failure of such showing in that case and the finding by the trial court that the deed was voluntary and void as to creditors was sustained. That finding is not *res adjudicata* here. This being an equity case it becomes necessary to examine the facts to see whether the recited consideration is refuted by a showing that in this case there was a valuable consideration.

Mrs. Edwards, who had married again and appeared under the name of M. A. Ashworth, swore that

her mother, a Mrs. Summers, loaned her husband a considerable sum of money, for which her mother held his notes, and surrendered these notes to G. L. Edwards on execution of the deed to his wife. Mrs. Summers testified that she bought the land from G. L. Edwards, paid him three hundred dollars for it; that he owed her some notes and she gave him the notes for the lots, and had the deed made to her daughter. This same evidence was offered in the case of Scharff v. McGaugh, and was considered as part of the case, for the reason that there was no ruling by the trial court as to whether it was competent or incompetent.

*Competency of Witness.*

It is claimed here that the evidence is incompetent. The plaintiff admits the testimony of the widow, Mrs. Ashworth, formerly Mrs. Edwards, is incompetent, because she was a party to the transaction; that is, a party to the conveyance which is immediately the subject of the action here; her husband, the other party to the transaction, being dead. But the competency of Mr. Summers is asserted by the plaintiff, who claims that she was the agent of her daughter in procuring the property from the daughter's husband. Plaintiff cites in support of this position the case of Clark v. Thias, 173 Mo. 628, where it is held that the agent who transacts the business with a party since dead is competent to testify as to the transaction. The propriety of that ruling has been seriously questioned in later cases. [Griffin v. Nicholas, 224 Mo. 275, l. c. 326-7; Bone v. Friday, 180 Mo. App. 577; Taylor v. George, 176 Mo. App. 215; Green v. Ditsch, 143 Mo. l. c. 8; Chas. Green Real Estate Co. v. Building Co., 196 Mo. l. c. 370.]

However, the question of whether an agent conducting a transaction may afterwards testify, when the other party to the transaction is dead, hardly enters in this case Mrs. Summers was not the agent of her daughter; according to her own testimony as she gives it, she was herself the original party to the contract. Speaking of G. L. Edwards, she testified: "I bought some lots in

Bernie from him and paid him about three hundred dollars for them.  He owed me some notes which I had been trying to collect for a long time and he gave me the lots for the notes.  I had the deed made to .my daughter, M. A. Edwards.   .  .  .   The notes I turned over to G. L. Edwards for these lots, and they were canceled at the time, and I gave him a receipt for the account he owed me.''

The effect of the transaction as she describes it is precisely the same as if she had purchased the lots and had the conveyance made to herself and subsequently had conveyed to her daughter.  She is a party to the original contract or cause of action.  The wording of the statute completely covers her case, Section 6354, Revised Statutes 1909.  The provision is this: ''*Provided,* that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify *either in his own favor or in favor of another party to the action claiming under him.''*

It was held in the case of Chapman v. Dougherty, 87 Mo. 617, that the ''disability of one of the original parties to the contract or cause of action, in issue and on trial, where the other party is dead, and the survivor is a party to the suit, is co-extensive with every occasion where such instrument or cause of action may be called in question.''  That case is a leading case and is cited and approved in many later cases.  [Goodale v. Evans, 263 Mo. l. c. 228-9; Lieber v. Lieber, 239 Mo. l. c. 13.]

In Bishop v. Brittain Inv. Co., 229 Mo. l. c. 723, numerous cases are cited and the rule which seems pertinent to the question is stated as follows: ''In applying the statute it has been ruled that where, as in ejectment, the issue was title and one of the parties to a deed necessary to establish it was dead, the living party could not testify in denial of the validity of the deed (Chapman v Dougherty, supra); nor to sustain a contrat which, if established, would defeat ejectment (Hughes

v. Israel, 73 Mo. 538); nor to establish in ejectment the contents of a lost deed (Messimer v. McCray, 113 Mo. 382); nor to establish the contract in a suit for specific performance (Teats v. Flanders, 118 Mo. 660); nor to acts of performance (Sitton v. Shipp, 65 Mo. 297); nor to reform a contract by supplying a term omitted by mistake, accident or oversight (Smith v. Smith, 201 Mo. 533).''

The disqualification is not because of the *interest* of the witness offered, but because . . . the other party to the contract, or cause of action in issue and on trial, is dead. [Weiermueller v. Scullin, 203 Mo. l. c. 471.] The party to the contract is the person who negotiated the contract, rather than the person in whose name and interest it was made. [Banking House v. Rood, 132 Mo. l. c. 262; Meier v. Thieman, 90 Mo. l. c. 442-443.]

There being no competent evidence offered to show there was a valuable consideration for the deed from G. L. Edwards to his wife, the recital that it was for a nominal consideration prevails. Under the rule as laid down in the case of Scharff v. McGaugh

Correcting Mistake.

it was void as to creditors. The plaintiff, claiming under it, could not in equity maintain an action to correct a mistake in it. [Smith v. Smith, 201 Mo. 533, l. c. 546-7.] Nor could he maintain an action to remove, as a cloud upon his title, the sheriff's deed under which defendants claim, a deed already held in the McGaugh case to be regular. The judgment for defendant, therefore, upon the first three counts, was correct.

II. The plaintiff claims that the sheriff's deed, executed in 1904, whereby the land was sold under a judgment for costs rendered in 1900, in favor of Lee Edwards and against L. & A. Scharff, passed

Disqualification of Judge.

the title to Edmunds. The defendants assert that the deed is void because the judgment upon which it is based was rendered by J. L. Fort, Circuit Judge, who was incompetent to sit in the case because he had previously been of counsel for the defendant therein.

The suit in which that judgment was rendered was filed in 1894. The record entries of the court was presented in the abstract of the record here and show that March 19, 1894, on a change of venue from the regular judge, Hon. H. H. Bedford, was selected as special judge to try the cause. The files show answer filed by J. L. Fort. At the September term, 1895, on the 15th day of October, an entry appears showing that the cause was tried and taken under advisement by the Honorable H. H. Bedford, Special Judge, and at that time Honorable John G. Wear was regular judge. No entry appears as to any disposition of the case until the September term, 1900, when, on the tenth day of the term, this entry appears:

> Court met pursuant to adjournment, present Hon. Jas. L. Fort, Judge.
>
> L. & A. SCHARFF
>    against                    Civil Action
> LEE EDWARDS et al.
>
> This cause coming on to be heard and there appearing no one in behalf of this plaintiff to prosecute this cause of action and plaintiff being three times called and comes not, it is therefore ordered by the court that this cause be stricken off this docket and the cost of this suit laid out and charges be assessed against plaintiff and that execution issue therefor."

Execution was issued on this judgment for costs on the 15th day of August, 1904, the property levied upon and sold, and purchased by the planitiff, Edmonds, on the twelfth day of September, 1904.

The testimony of Judge Fort as abstracted in another case was offered in evidence, and he appeared to have no definite recollection about his action in dismissing the case so many years before. He said he didn't think he dismissed the case, but that Judge Bedford might have taken the bench and dismissed it.

That part of the statute which disqualified Judge Fort from sitting in the case, Section 1928, Revised Statutes 1909, is as follows: "Sec. 1928. If the judge interested or related to either party, or shall have been of counsel in the cause, the court or judge shall

award such change of venue without any application from either party.''

The general rule is that a judgment rendered by a judge not authorized to hear or determine a case is subject to collateral attack. [23 Ency. Law & Proced. p. 1095; Horton v. Howard, 79 Mich. 642; Ex parte Bedard, 106 Mo. l. c. 627; 15 R. C. L. p. 846.] The authority of a judge to act in a given case should appear by a record entry. [Collier v. Lead Co., 208 Mo. l. c. 261-262.] Where a special judge is called to sit in the place of a regular judge he acquires jurisdiction of a case and that jurisdiction continues until the termination of the case by judgment. [State v. Moberly, 121 Mo. 609; State ex rel. v. Williams, 136 Mo. App. 330; Ward v. Bell Egolf, 157 Mo. App. l. c. 527.] Therefore when Judge Bedford was qualified as special judge and proceeded to hear the case his jurisdiction of the case continued. He heard the case and took it under advisement. Nothing more was heard from it until six years later when it appeared on the docket with Judge Fort, regular judge, presiding. If Judge Bedford had made any disposition of the case the record should have shown it. It remained on the docket undisposed of. We presume the record entries brought here are all there are in the case. There should be some entry showing a divestiture of jurisdiction on the part of Judge Bedford before the regular judge could proceed to hear the case. Yet, since all presumptions of regularity of jurisdiction are indulged, if Judge Fort had been qualified to sit in the case, this court might presume, in this collateral attack upon the judgment, that he had authority; that is, that Judge Bedford had failed to determine the case, and had been in some manner divested of jurisdiction. [Collier v. Lead Co., 208 Mo. 246; Nickerson v. Leader Merc. Co., 90 Mo. App. l. c. 338; Green v. Walker, 99 Mo. l. c. 73.]

There is no record entry of any kind to indicate that Judge Bedford appeared and made the order of dismissal. On the contrary, the plaintiff in his brief ad-

mits that Judge Fort dismissed the cause, having been of counsel in the case while the same was pending before the Hon. H. H. Bedford as special judge, though it is probable that Judge Fort at that time did not remember that he had been of counsel. Thus Judge Fort's disqualification appearing upon the face of the record, and being admitted, the judgment of dismissal was a nullity and the sale and deed thereunder were likewise nullities and passed no title to Edmonds.

III. The plaintiff, however, claims that he was at all events entitled to an assignment of the dower of the widow in the premises. George L. Edwards was seized in fee simple of the property during his life and his title was divested by a sheriff's sale, leaving the widow's dower untouched. This dower the plaintiff claims to have acquired through conveyance from the widow M. A. Edwards. George L. Edwards died in 1895. This suit was brought in 1910. Defendant sets up the Statute of Limitations in bar of the claim for dower.

The plaintiff asserts that the Statute of Limitations did not run on account of the occupation of the mansion house by the widow after the death of her husband. There is some doubt about the facts as to that. Edmonds testified at the trial that Edwards was not living on the ground at the time of his death.

However, under the recent rulings of this court and the plain terms of the statute, Section 391, the right of action to have dower assigned is barred. Section 391 is as follows:

"Sec. 391. All actions for the recovery of dower in real estate, which shall not be commenced within ten years from the death of the husband through or under whom such dower is claimed or demanded, shall be forever barred."

As the act containing this section was originally passed in 1887, a proviso was appended to the effect that the act should not apply to persons suffering certain disabilities, nor to any case wh're the widow is in

possession of and enjoying the mansion house. The act was amended in the revision of 1899 so as to omit the proviso and leave the section to read as above. This court in two recent cases has commented upon the legislative intention manifested in that revision and has announced that there is no doubt the section as it now reads bars an action for dower in every case without an exception.

In Investment Co. v. Curry, 264 Mo. 483, l. c. 500, Division Number Two of this court used this language: "The fact that in the statute as originally enacted there were saving clauses in favor of the widow if she was in possession of the mansion house or under legal disability and that these several clauses were stricken out in the revision of 1889, strongly indicates the legislative purpose that there should be no exception at all to the operation of this statute."

In the case of McFarland v. McFarland, 278 Mo.—1, the statutes as originally enacted and as thus amended is again set out, and this court held that the motive of the Legislature was evident in the result, that was to "limit the quarantine of the widow to ten years and such further time as is enough to perfect a judicial assignment of her dower." A concurring opinion by GRAVES, J., in the same case, holds that Section 391 is an absolute bar to an action to recover dower, if such action is brought for the first time more than ten years after the death of the husband. These cases settle this contention against the claim of the plaintiff.

The judgment is affirmed as to the first, second and third counts, and is reversed and the cause remanded as to the fourth count, with directions to enter judgment for the defendant on that count. *Railey* and *Mozley, CC.,* not sitting.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.